UNITED STATES of America,
Plaintiff-Appellee,

v.

Kevin WASHINGTON, Defendant–
Appellant.

No. 97–1578.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 25, 1998.

Decided June 10, 1998.

David C. Tholen (argued and briefed), Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

Wayne F. Pratt (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Before: KENNEDY, KRUPANSKY, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Defendant, Kevin Washington, challenges the sentence of the district court, which revoked his supervised release and sentenced him to a term of imprisonment that exceeded the recommended range contained in the policy statements of Chapter 7 of the Sentencing Guidelines. Washington concedes, as he must, that the district court was free to impose a sentence in excess of the recommended range because the policy statements in Chapter 7 are merely advisory and do not constitute binding guidelines. Washington challenges his sentence as plainly unreasonable, however, because the district court failed to specifically mention the Chapter 7 policy statements before imposing sentence. Because we find no such ritual incantation necessary, we now AFFIRM.

The facts of this case make our decision here an easy one. On February 16, 1996, after serving several years in prison for drug trafficking offenses, defendant was released from prison and began serving a three-year period of supervised release to be served in the jurisdiction of the Eastern District of Michigan. Washington began violating the conditions of his release almost immediately. Two days after his release from prison, he tested positive for and admitted to the use of marijuana. Only two months later, Washington "disappeared," refusing to answer the pages of his probation officer and, when he did call, refusing to tell his probation officer where he was calling from.

In April 1996, the probation department received the first of many reports on Washington's less than stellar citizenship. The

report stated that Washington was alleged to have beaten and raped his former girlfriend, and that he allegedly possessed a shotgun, a nine millimeter gun, a small handgun, and a switchblade. Although a police report was filed, no formal charges were brought against Washington.

In June 1996, probation officers discovered that Washington was no longer residing at his official address. When contacted by telephone, Washington again refused to divulge his whereabouts. Apparently, Washington was living in Minneapolis, because he was arrested by the Minneapolis police no less than three times during the Fall of 1996 for drug-related activity. Washington did not timely report his arrests as he was required to do under the terms of his supervised release.

In January 1997, a routine check by the probation department revealed that there was an active arrest warrant for Washington in Minneapolis. On March 27, 1997, the probation office requested a supervised release violation warrant. The arrest warrant was issued on April 1, 1997. At the time Washington was arrested just outside his residence, federal marshals found a Winchester 30/30 rifle, loaded with six rounds, hidden under the couch.

■ We review the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Webb,* 30 F.3d 687, 688 (6th Cir.1994). *See also, United States v. Stephenson,* 928 F.2d 728, 731–32 (6th Cir.1991). Although the policy statements from Chapter 7 recommend a range of 3–9 months for an individual with Washington's violation category and criminal history, U.S.S.G. § 7B1.4, the policy statements are merely advisory and do not bind the district court. *Webb,* 30 F.3d at 689.

■ In the absence of controlling guidelines, the district court's sentence must reflect consideration of certain factors listed in 18 U.S.C. § 3553, and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4). The relevant factors listed in § 3553 include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *Id.* (quoting *United State v. Scroggins,* 910 F.2d 768, 770 (11th Cir.1990)).

■ In the case at hand, the district court specifically noted the seriousness and frequency of Washington's violations:

So the Court is convinced those are very, very serious offenses, very serious offenses when he leaves the jurisdiction in connection with this other behavior ... [and][h]is attitude is such that the court is of the belief the maximum penalty should be imposed. Two things. Number one, obviously, supervised release doesn't work for him; perhaps prison will. Number two, to keep him off the streets so he learns he has to follow the rules of society.

The district court's sentence reflects several of the considerations listed in § 3553, such as the nature of Washington's offenses, the need for deterrence, the need to protect the public from Washington's criminal activity, and even a desire to find a method of rehabilitation that will "work for him." Moreover, the district court's sentence reflects the other relevant considerations (including the Chapter 7 policy statements), even if it does not mention each of them specifically.

Section 3583(e) requires only that the district court impose sentence "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)." The statute's mandate is thus satisfied if, as in the present case, the district court's explanation of the sentence makes it clear that it considered the required factors. We agree with the Fourth Circuit that "[a] court need not engage in ritualistic incantation in order to establish consideration of a legal issue." *United States v. Davis,* 53 F.3d 638, 642 (4th Cir.1995). Nor is there a requirement that the district court make specific findings relating to each of the factors considered. As the Third Circuit has noted:

In fact, there is no requirement that the district court make specific findings with respect to each of the section 3553(a) factors it considered.... At the time of sen-

**492**

tencing, the district court simply must state on the record its general reasons under section 3553(a) for rejecting Chapter 7 policy statements it considered and for imposing a more stringent sentence.

*United States v. Blackston,* 940 F.2d 877, 893–94 (3d Cir.1991); *see also United States v. Graves,* 914 F.2d 159, 160 (11th Cir.1990) (holding that there is no requirement that the district court make specific factual findings with respect to each 3353(a) factor); *United States v. Lockard,* 910 F.2d 542, 546 (9th Cir.1990) (requiring only a "general statement" of the district court's reasons).

In short, it is clear from the record in this case that the district court considered the Chapter 7 policy statements even if they were not mentioned by name. Thus, the sentence imposed by the district court was not plainly unreasonable and there was no abuse of discretion. The sentence is AF-FIRMED.