**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth E. KIRKWOOD, Defendant–**
**Appellant.**

**No. 00–5108.**

United States Court of Appeals,
Sixth Circuit.

March 20, 2001.

Before COLE and GILMAN, Circuit Judges, ALDRICH, District Judge.*

### ORDER

This is an appeal from a judgment in which the district court found that Kenneth Kirkwood violated the terms of his supervised release. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Kenneth Kirkwood pleaded guilty to possession with intent to distribute cocaine base and received a sixty month term of imprisonment to be followed by a five year period of supervised

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

release. Kirkwood was subsequently placed on supervised release and, in 1999, the government filed a petition accusing Kirkwood of violating the conditions of that release. The district court eventually found that Kirkwood had violated the conditions of his supervised release and sentenced him to a twenty-four month term of imprisonment and a new two year period of supervised release.

Counsel for Kirkwood raises one issue for appellate review, namely, that the district court erred in imposing a term of imprisonment that was above the suggested guideline range. This court reviews a district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491–92 (6th Cir.1998). An examination of the record and law shows that the district court did not make a mistake in sentencing Kirkwood to a term of imprisonment outside the guideline range.

Kirkwood was serving his term of supervised release in 1998 when the probation department obtained a warrant for Kirkwood's arrest on suspicion of having violated more than one condition of his release. The court subsequently conducted a hearing at which the evidence reflected that Kirkwood had committed traffic offenses, that he possessed marijuana with the intent to distribute, and that he failed to comply with notification procedures following these violations. The district court concluded that Kirkwood was guilty of having committed these violations and counsel for Kirkwood does not now contest that conclusion.

The probation office recommended a sentencing range of twelve to eighteen months for the violation pursuant to factors and policies set forth in USSG § 7B1.4(a). The district court expressed the opinion that Kirkwood's second drug related offense merited some period of in-

carceration as it was an indication that Kirkwood's "situation isn't going to sort itself out." The court then noted that Kirkwood's lack of truthfulness was "as serious a violation as a drug violation," and that the court was going to go above the guideline range "because the message has to be sent out to every person that the worst thing you can do if you violate supervised release is then to lie to the officer about it in the reports of statements made to the officer." The court imposed a two year period of incarceration to be followed by a new two year term of supervised release.

The guideline range was determined with reference to Chapter Seven of the sentencing guidelines. The policy statements found in Chapter Seven are merely advisory and do not bind a district court. *United States v. McClellan,* 164 F.3d 308, 309–10 (6th Cir.1999) The sentencing court need only consider the Chapter Seven policy statements in fashioning the appropriate sentence and there is no requirement that the court so acknowledge this consideration with the recitation of any "magic words" or phrases. The court's decision need only reflect consideration of the sentencing factors listed in 18 U.S.C. § 3553 and "provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." *Id.* at 310. The relevant factors listed in § 3553 include the nature of the offense, the need to deter criminal conduct, the protection of the public, providing the defendant with appropriate treatment and relevant guideline policies and ranges.

In the case at bar, the district court noted the guideline range but expressed his belief that the range was inadequate owing to 1) Kirkwood's continued propensity to commit drug offenses, 2) Kirkwood's having lied to the proper authori-

ties about his activities, and 3) the need to break the cycle of inappropriate behavior in which Kirkwood was trapped. These statements clearly reflect overarching statutory considerations of § 3553 and, therefore, do not constitute a mistake or abuse of discretion. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.