**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kathryn EASTMAN, Defendant–**
**Appellant.**

No. 01–1072.

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Kathryn Eastman appeals her sentence following the district court's revocation of her supervised release. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Eastman pleaded guilty to a charge that she violated the terms of her supervised release; the district court sentenced Eastman to ten months of imprisonment to be followed by twenty months of supervised release.

In this timely appeal, Eastman argues that the district court erred by sentencing her to a ten-month term of imprisonment because the applicable policy statements of the Sentencing Guidelines recommended a sentencing range of three-to-nine months.

Generally, our review of a district court's sentence upon revocation of supervised release is for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). Nevertheless, because defense counsel failed to register a timely objection to the sentence now challenged on appeal, the appropriate standard of review is the plain-error standard. *United States v. Hall*, 71 F.3d 569, 573 (6th Cir.1995).

Eastman's guideline sentencing range of three-to-nine months was determined with reference to Chapter Seven of the Sentencing Guidelines. The policy statements found in Chapter Seven are merely advisory and do not bind a district court. *United States v. McClellan*, 164 F.3d 308, 309–10 (6th Cir.1999). The sentencing court need only consider the Chapter Seven policy statements in fashioning the appropriate sentence, and there is no requirement that the court so acknowledge this consideration with the recitation of any "magic words" or phrases. *Id.* at 310. The court's decision need only reflect consideration of the sentencing factors listed

in 18 U.S.C. § 3553 and "provide at least an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." *McClellan*, 164 F.3d at 310. The relevant factors listed in § 3553 include the nature of the offense, the need to deter criminal conduct, the protection of the public, providing the defendant with appropriate treatment, and relevant guideline policies and ranges.

 In the case at bar, the district court explained that the 10–month sentence was imposed because Eastman needed to break the cycle of addiction in which she was trapped. The court's statements reflect the overarching statutory considerations of § 3553; therefore, Eastman's challenge does not rise to the level of showing that the district court committed plain error.

Accordingly, we affirm the district court's judgment.