**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Eugene PERRYMAN,**
**Defendant–Appellant.**

No. 00–6526.

United States Court of Appeals,
Sixth Circuit.

June 18, 2001.

Before MARTIN, Chief Judge; NELSON, Circuit Judge, RICE, District Judge.*

Mark Eugene Perryman appeals a district court order revoking his term of supervised release. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P 34(a).

In 1992, a jury convicted Perryman of aiding and abetting kidnaping in violation of 18 U.S.C. §§ 1201(a)(1) & (2) and conspiracy to kidnap in violation of 18 U.S.C. § 1201(c). The district court sentenced Perryman to 90 months of imprisonment and five years of supervised release. Perryman did not appeal his convictions or sentence. Following his release from prison, Perryman began serving his supervised release in April 1999. However, in May 2000, the district court revoked Perryman's supervised release and sentenced him to six months of imprisonment and a new four year term of supervised release. Perryman again was released from prison on August 18, 2000. In September 2000, the probation office filed a supervised release violation report, noting that Perryman had been arrested and charged with felony possession of cocaine. The district court subsequently revoked Perryman's supervised release and sentenced him to three years of imprisonment. Perryman has filed a timely appeal. On appeal, Per-

---

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

ryman argues that: 1) the district court improperly considered medical evidence that revealed Perryman had tested positive for illegal substances; and 2) the district court improperly departed upward from the Sentencing Guidelines range in sentencing Perryman. Perryman's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Perryman has not responded to his counsel's motion to withdraw.

■■■■ Upon review, we conclude that the district court properly considered medical evidence which revealed that Perryman had tested positive for drugs. After Perryman had kicked out a window and jumped from a moving Greyhound Bus, he was taken to an Arkansas hospital for treatment of his injuries. While at the hospital, medical personnel conducted a toxicology screening, and Perryman tested positive for cocaine and marijuana. The district court relied on this evidence in part to conclude that Perryman violated the terms of his supervised release. Perryman now argues that the court should not have considered these test results because they are protected by the physician-patient privilege. However, federal courts do not recognize a physician-patient privilege. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir.1992). Therefore, Perryman's argument is without merit.

■■■ The district court also properly sentenced Perryman. This court reviews the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998).

The district court did not abuse its discretion in sentencing Perryman. Although Perryman had a sentencing range of 24 to 30 months of imprisonment pursuant to USSG § 7B1.4(a), p.s., the district court departed upward from this range and sentenced Perryman to three years of imprisonment. Perryman acknowledges that § 7B1.4 is a policy statement and, thus, is not binding on the district court. *Id.* However, he argues that the court did not give the required consideration to the policy statement before imposing sentence, *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999), nor did the court consider the factors listed in 18 U.S.C. § 3553, including the nature of the offense and the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment. *Id.; Washington*, 147 F.3d at 492.

In this case, the district court did consider the policy statement in § 7B1.4 before deciding to depart upward. The court specifically noted that the policy statement recommended the 24 to 30 month sentencing range.

Further, the court considered the factors in § 3553. The court discussed Perryman's illegal drug possession, a clear violation of the terms of his supervised release, and his recidivist nature. The court engaged in an extensive discussion with Perryman regarding his need for counseling and the court's hope that he would receive such counseling upon reincarceration. The court also noted the need to protect society from his bizarre behavior. Although the court did not specifically refer to the statute, the court does not need to engage in ritualistic incantations in order to establish consideration of legal issues, nor does the court have to make specific findings relating to each factor contained in § 3553. *McClellan*, 164 F.3d at 310; *Washington*, 147 F.3d at 491. The court's statements clearly reflect consideration of several factors in § 3553, including the nature of Perryman's offenses, the need for deterrence, and the necessity of providing Perryman with appropriate treatment.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.