**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Noah Wayne BENNETT, Defendant–**
**Appellant.**

**No. 00–6340.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

Noah Wayne Bennett, a federal prisoner, appeals a district court's order revoking his supervised release and sentencing him to a term of incarceration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 26, 1991, a jury convicted Bennett of two counts of possessing a firearm as a convicted felon and one count of possessing ammunition as a convicted felon, all in violation of 18 U.S.C. § 922(g)(1). He was sentenced to three concurrent terms of 51 months of imprisonment and three years of supervised release. This court affirmed his convictions on direct appeal. *United States v. Bennett*, 975

F.2d 305 (6th Cir.1992). A few years after becoming incarcerated, Bennett pleaded guilty on July 22, 1993, to smuggling drugs into a federal penitentiary in violation of 18 U.S.C. § 1791(a)(2). He was sentenced to an additional 27 months in prison to be followed by three years of supervised release.

Upon completion of his terms of incarceration, Bennett began serving his term of supervised release on April 20, 1999. On June 21, 2000, his probation officer filed a petition, asserting that Bennett had violated the conditions of his supervised release by testing positive for marijuana use, failing to attend a few sessions of a substance abuse treatment program, failing to refrain from the excessive use of alcohol, and committing the crimes of driving under the influence and of alcohol intoxication. Bennett stipulated to these violations at his revocation hearing, and the district court sentenced him to 14 months in prison and 22 months of supervised release.

Bennett's court-appointed counsel has filed a brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the entire record, counsel determined that there were no meritorious grounds for appeal, but nonetheless argued that the district court had abused its discretion by revoking Bennett's term of supervised release and sentencing him to a term of incarceration and additional supervised release. Bennett was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because counsel has filed an

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

acceptable *Anders* brief. In the brief, counsel raises the only issues deemed arguable and concludes that no relief is warranted.

■ We also conclude that the issues raised lack merit. The district court did not abuse its discretion by revoking Bennett's term of supervised release as he stipulated to violating the conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997). The court likewise did not abuse its discretion when imposing the sentence. *See United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). The record established that the district court properly considered both the Sentencing Guidelines and the required statutory factors. *See United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). A sentence consisting of a term of incarceration as well as a new term of supervised release was authorized pursuant to the version of § 3583(e) that was in effect at the time of Bennett's original crime. *See Johnson v. United States,* 529 U.S. 694, 712–13, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Finally, the length of the total sentence was proper as it did not exceed the length of the original term of supervised release. *See id.* at 707.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.