**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Ray GOODEN, Defendant–**
**Appellant.**

**No. 01–5527.**

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

**482**

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

William Ray Gooden appeals from a district court order revoking his term of supervised release. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Gooden pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344. The district court sentenced Gooden to 14 months of imprisonment and three years of supervised release, and the court ordered him to pay restitution in the amount of $5000. Gooden did not appeal his convictions or sentence. Gooden was released from prison and began serving his term of supervised release in January 1999.

In May 1999, the district court revoked Gooden's supervised release and sentenced him to twelve months of imprisonment and imposed an additional 18 month term of supervised release. On appeal, this court affirmed the district court's sentence. *United States v. Gooden*, No. 99–6442, 2000 WL 658047 (6th Cir. May 9, 2000) (unpublished order). Gooden was released from prison again on August 19, 2000, and began serving his new term of supervised release.

In January 2001, the probation office issued a supervised release violation report, asserting that Gooden had committed several new violations of the conditions of his supervised release. At a hearing, Gooden acknowledged that he again had violated his supervised release. Consequently, the district court revoked Gooden's supervised release and sentenced him to fifteen months of imprisonment; the court did not impose another term of supervised release. In this timely appeal, Gooden's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he argues that the district court improperly departed upward from the

of Ohio, sitting by designation.

Sentencing Guidelines range in sentencing Gooden. Gooden has filed a response to his counsel's motion to withdraw, in which he argues that counsel from his prior supervised release revocation proceeding rendered ineffective assistance by not asserting that the district court improperly imposed a new term of supervised release.

Upon review, we conclude that the district court properly sentenced Gooden. This court reviews the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998).

■ The district court did not abuse its discretion in sentencing Gooden. Although Gooden had a sentencing range of five to eleven months of imprisonment pursuant to USSG § 7B1.4(a), p.s., the district court departed upward from this range and sentenced Gooden to fifteen months of imprisonment. Gooden acknowledges that § 7B1.4 is a policy statement and, thus, is not binding on the district court. *Id.* However, he argues that the court did not give the required consideration to the policy statement before imposing sentence, *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999), nor did the court consider the factors listed in 18 U.S.C. § 3553, including the nature of the offense and the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment. *Id.; Washington,* 147 F.3d at 492.

In this case, the district court did consider the policy statement in § 7B1.4 before deciding to depart upward. The court specifically noted that the policy statement recommended the five to eleven months sentencing range.

Further, the court considered the factors in § 3553. The court noted Gooden's continued unwillingness to abide by the law and the orders of the court, specifically his repeated failure to comply with the conditions of his supervised release. The court emphasized Gooden's failure to make any significant payments toward his restitution, despite being employed. The court's statements clearly reflect consideration of several factors in § 3553, including the nature of Gooden's offenses and the need to deter further inappropriate conduct.

■ Gooden argues that counsel from his prior supervised release revocation proceeding rendered ineffective assistance by not challenging the district court's imposition of a new term of supervised release. While Gooden asserts that the district court's imposition of the new term of supervised release under an amendment to 18 U.S.C. § 3583 violated his ex post facto rights, the Supreme Court has determined that district courts had the authority to impose a new term of supervised release under the version of § 3583 in effect at the time Gooden committed his criminal offenses in 1993. *Johnson v. United States,* 529 U.S. 694, 703–13, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Consequently, the new term of supervised release poses no difficulties under the Ex Post Facto Clause, and Gooden was not prejudiced by the failure of his counsel to raise this claim in the prior proceeding. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.