**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roger B. ROBERSON, Defendant–**
**Appellant.**

**No. 02–1002.**

United States Court of Appeals,
Sixth Circuit.

June 20, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*

Roger B. Roberson, a federal prisoner proceeding through counsel, appeals a district court judgment revoking his term of supervised release. The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 30, 1999, Roberson pleaded guilty to violating 18 U.S.C. § 1344(1) and (2) by aiding and abetting bank fraud. He was sentenced to 21 months in prison and 3 years of supervised release. This court affirmed his conviction on direct appeal in *United States v. Roberson*, No. 99–2407, 2001 WL 467978 (6th Cir. April 26, 2001) (unpublished).

After completing his term of incarceration, Roberson began serving his term of supervised release on August 27, 2001. Two months later, on October 30, 2001, he admitted violating the terms of his supervised release by failing to report to the U.S. Probation Office within 72 hours of release and by possessing and using co-

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

caine. The district court continued Roberson's term of supervised release, but ordered him to submit to electronic monitoring, pay a $50 monitoring fee, and abstain from consuming alcohol. On December 11, 2001, Roberson pleaded guilty to further violating the terms of supervised release by failing to pay the monitoring fee and by again possessing and using cocaine. The district court conducted a hearing, revoked Roberson's term of supervised release, and sentenced him to fifteen months in prison. It is from this order that Roberson now appeals.

In his timely appeal, Roberson argues that the district court erred by imposing a prison term exceeding the recommended sentencing range of 6 to 12 months.

This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend a range of 6 to 12 months, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *See Washington*, 147 F.3d at 491.

In the absence of mandatory guidelines, the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

The district court did not abuse its discretion. When imposing a fifteen month sentence of incarceration at the December revocation hearing, the district court commented that it was seeing Roberson for the second time in the few months since his release, that his use of cocaine supplied by a prostitute led the court "to believe that the maximum benefit of rehabilitation [could] only be gained through continued incarceration," and that Roberson's repeated misbehavior did not warrant using the court's limited resources on an additional term of supervised release. The court remarked that if the felonious behavior continued, the police would doubtless catch up with Roberson and open another file. The term of imprisonment would also allow Roberson to receive intensive drug abuse treatment.

The district court's comments reflected consideration of several of the factors listed in § 3553, including the need to deter criminal conduct and the need to provide Roberson with appropriate treatment. It is also clear that the district court considered the Chapter 7 policy statements even though the court did not expressly cite to them. *See Washington*, 147 F.3d at 492.

Accordingly, the district court's judgment is affirmed.