**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Shane JOHNSON, Defendant–Appellant.**

No. 02–5439.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District Judge.*

*ORDER*

Ronald Shane Johnson appeals a district court judgment that revoked his super-

vised release and sentenced him to twenty-two months of incarceration. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Johnson pleaded guilty to charges of escape and controlled-substance offenses. He was sentenced to a total of forty-four months of imprisonment to be followed by three years of supervised release. Upon his release, Johnson violated the conditions of his supervised release and was sentenced to three months of imprisonment to be followed by three years of supervised release. In late 2000, Johnson again violated the conditions of his supervised release; this time he was sentenced to eleven months of imprisonment to be followed by twelve months of supervised release.

In February 2002, Johnson was, once again, charged with violating the conditions of his supervised release. Johnson pleaded guilty to the violations. The district court sentenced Johnson to twenty-two months of imprisonment and ordered that Johnson participate in an intensive 500–hour drug-treatment program.

In this timely appeal, Johnson's appointed counsel has filed a motion to withdraw and a finely crafted example of the brief envisioned by the Supreme Court in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Johnson was notified of counsel's motion to withdraw, but he has filed no response.

As an initial matter, we conclude that the district court did not err by revoking Johnson's release. Johnson confessed that he violated the conditions of his supervised

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

release by breaking state laws, by failing to report to his probation officers, and by failing to perform community service.

Johnson argues that the district court erred by imposing a prison term exceeding the recommended sentencing range of five-to-eleven months. We review a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend a range of five-to-eleven months, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *See Washington,* 147 F.3d at 491.

In the absence of mandatory guidelines, the sentence imposed must show consideration of any relevant statutory factors and may not be plainly unreasonable. 18 U.S.C. §§ 3553, 3583(e) & 3742(a)(4); *Washington,* 147 F.3d at 491; *United States v. Webb,* 30 F.3d 687, 689 (6th Cir. 1994).

The district court did not abuse its discretion. After two prior attempts at fashioning less severe sentences, Johnson struck out again. Johnson conceded that his failures were related to alcohol use, and he asked the court to order treatment. The court fashioned the twenty-two month sentence and ordered drug treatment in a decisive attempt to address Johnson's addiction problems and to attempt to break Johnson's self-destructive cycles of behavior. The court considered the relevant factors, and the sentence was not plainly unreasonable under the circumstances.

Lastly, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.