**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bobby Ray HUGHES, Defendant–Appellant.**

**No. 02–5672.**

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

## ORDER

Bobby Ray Hughes appeals a district court judgment that revoked his supervised release and sentenced him to twenty-four months of imprisonment. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In this timely appeal, Hughes's appointed counsel has filed a motion to withdraw and a finely-crafted example of the brief envisioned by the Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hughes was notified of counsel's motion to withdraw, but he has filed no response.

Hughes argues that the district court erred by imposing a prison term that was beyond the recommended range set out in the relevant guideline policy statements. We review a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend a range of six-to-twelve months, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *See Washington*, 147 F.3d at 491.

In the absence of mandatory guidelines, the sentence imposed must show consideration of any relevant statutory factors and may not be plainly unreasonable. 18 U.S.C. §§ 3553, 3583(e) & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir. 1994).

The district court did not abuse its discretion. The record reveals that the court

fashioned the twenty-four month sentence and ordered drug treatment in a decisive attempt to address Hughes's addiction problems and to attempt to break Hughes's self-destructive cycles of behavior. The court considered the relevant factors, and the sentence was not plainly unreasonable under the circumstances.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.