**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Arnell REDWAY, Defendant–Appellant.**

No. 02–1868.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

## ORDER

This is a direct appeal from a judgment revoking a period of supervised release and imposing a new term of imprisonment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a petition for warrant for an offender under supervision was issued for James Arnell Redway. Redway eventually admitted to two of the alleged violations and was found by the district court to have violated the conditions of his supervised release on the strength of these admissions. The district court sentenced Redway to a six month term of imprisonment with a new eighteen month period of supervised release. This appeal followed.

Counsel for Redway filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Redway was served with this motion and a copy of the brief and was invited to respond. *See Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988). Redway did not respond to the motion.

On April 12, 2000, Redway was convicted of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(C), in the Southern District of Texas. Redway was given a prison term

and a three year period of supervised release. The supervised release was accompanied by the standard conditions of release, among which was that Redway was to refrain from the excessive use of alcohol and that he was not to associate with convicted felons. Redway was released from confinement on January 3, 2002, and began to serve his supervised release. A violator warrant was issued in Texas on May 28, 2002, for Redway's alleged violation of several of the conditions of his supervised release. The Eastern District of Michigan accepted jurisdiction over Redway, and Redway subsequently appeared with counsel at a hearing on the warrant. Redway admitted to having violated two of the conditions of his supervised release, namely, that he had used alcohol to excess and he had associated with a convicted felon. By a judgment signed on July 2, 2002, the district court sentenced Redway to a six month term of incarceration, from the suggested guideline range of three to nine months, and the court imposed an additional eighteen months. Neither Redway nor his counsel registered any objections to this sentence.

Counsel for Redway filed a motion to withdraw and a brief in support in which he makes a professional representation that the appeal is meritless. An examination the record and law bears out this characterization. There is no dispute over the validity of the underlying 2000 Texas conviction or of the authority of that sentencing court to impose the conditions of supervised release of record. When confronted with the accusation that he had violated two of the provisions, Redway admitted under oath that he had done so. There is no error in the district court's finding that Redway had violated the conditions of his supervised release.

This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). The parties agreed that Redway's violations were Grade C violations as that term is used in the guidelines. USSG § 7B1.1(a)(3) (a violation of conditions of supervised release that is not a state or federal felony or misdemeanor). The district court was empowered to revoke Redway's supervised release for a Grade C violation, USSG § 7B1.3(a)(2), and the new term of imprisonment imposed fell within the suggested three to nine month guideline range. USSG § 7B1.4 (Grade C violation and a criminal history category of I). The district court settled upon the sentence of record only after reflecting upon the circumstances of Redway's conviction, his unwillingness to follow his release conditions, and his apparent need to be segregated from society and alcohol. This is sufficient under the foregoing standard to permit this court to conclude that the district court did not err in imposing the punishment of record. The appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.