UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael D. COTTER, Defendant–
Appellant.

No. 02–6450.

United States Court of Appeals,
Sixth Circuit.

July 9, 2003.

Before BOGGS and GILMAN, Circuit
Judges; and DOWD, District Judge.*

## ORDER

Michael D. Cotter appeals a district court judgment revoking his supervised release and imposing a thirty-month term of imprisonment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cotter was originally convicted for armed bank robbery, and was sentenced to seventy months of imprisonment and five years of supervised release. In August 2002, Cotter began serving his sixty-month term of supervised release. On October 28, 2002, a Petition for Warrant For Offender Under Supervision was filed, asserting that Cotter had violated his super-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District   of Ohio, sitting by designation.

vised release by: 1) testing positive for cocaine on several occasions; 2) failing to participate in a program of testing and treatment for drug and/or alcohol abuse until released from the program by the probation officer; and 3) being arrested on new charges in Knox County for burglary and possession of burglary tools. During the revocation hearing, Cotter admitted to the charged violations. The court revoked his supervised release, and sentenced him to thirty months of imprisonment, which represented an upward departure from the recommended guidelines range of six to twelve months. The Bureau of Prisons will not accept someone into its treatment program who has not been sentenced to at least thirty months. Cotter filed a timely appeal.

On appeal, Cotter's counsel has filed a motion to withdraw his representation pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: 1) whether the district court, upon revocation of Cotter's supervised release, failed to consider the applicable sentencing factors when it sentenced him to thirty months, which was outside the guidelines range of six to twelve months.

Upon review, we conclude that the district court properly sentenced Cotter. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). The policy statements contained in Chapter Seven of the guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553.

*Id.* The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *Id.* The factors set forth in § 3553 include: 1) the nature of the offense; 2) the need for deterrence and to protect the public; 3) the desire to provide the defendant with needed training, medical care, or other treatment; 4) any established sentencing range; and 5) the avoidance of unwarranted disparities. *Id.* at 309–10.

First, while the district court did not expressly discuss the Chapter Seven policy statements, it is clear that the district court considered the relevant factors. The district court reviewed the nature of Cotter's supervised release violations, including his continued drug use, his failure to complete a drug treatment program, and his state court convictions for possession of burglary tools and aggravated criminal trespassing. The district court also considered the need to provide Cotter with treatment for his drug addiction. Specifically, the court noted that it was important to determine the best way to address Cotter's drug abuse problem. The court also stated that it was imposing the thirty-month sentence so that Cotter would be able to take advantage of the Bureau of Prison's 500–hour drug abuse program, and not because of any punitive reason.

Second, the district court did not err when it sentenced Cotter above the sentencing range set forth in the Chapter 7 policy statements. Cotter argues that the statutory maximum for his supervised release violations was a term of six to twelve months. However, this range is not mandatory. Instead, this court has "consistently held that the policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory and that a

court need only consider them prior to imposing sentence for revocation of supervised release." *McClellan,* 164 F.3d at 310; *see also United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). Here, the record reflects that the court considered the suggested sentencing range, but determined that such a sentence would not permit Cotter to avail himself of the 500-hour drug abuse program.

In addition, we have reviewed the record and discovered no error warranting reversal of the district court's decision to revoke Cotter's supervised release. This court reviews a district court's action regarding supervised release for an abuse of discretion. *United States v. Cofield,* 233 F.3d 405, 406 (6th Cir.2000). In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *Id.* As stated above, Cotter readily acknowledged that he had violated the terms of his supervised release by: 1) testing positive for cocaine on several occasions; 2) failing to complete a drug treatment program; and 3) pleading guilty to possession of burglary tools and aggravated criminal trespassing. Hence, the district court properly concluded that Cotter had violated the terms of his supervised release.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.