UNITED STATES of America,
Plaintiff–Appellee,

v.

Bennie BENTON, Defendant–Appellant.

No. 02–4367.

United States Court of Appeals,
Sixth Circuit.

Sept. 5, 2003.

Gary L. Spartis, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Victor D. Merullo, Merullo, Reister & Swinford, Columbus, OH, for Defendant–Appellant.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

RYAN, Circuit Judge.

Bennie Benton appeals the sentence imposed by the district court upon revocation of Benton's supervised release. For the following reasons, we will affirm the district court's sentencing decision.

Benton pled guilty in 1994 to possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(ii). The district court sentenced him to 60 months in prison, followed by a four-year period of supervised release. Benton served the prison sentence, but toward the end of the supervised release period, authorities detained him in Phoenix, Arizona, in possession of $40,301 in postal money orders and $1,747 in cash. The government sought revocation of Benton's supervised release on two grounds: (1) commission of a crime while on supervised release; and (2) leaving the judicial district without permission.

At the revocation and sentencing hearing, the government chose to pursue only the latter ground, which the Sentencing Guidelines classify as a Grade C Violation. U.S.S.G. § 7B1.1(a)(3). In a policy statement, the Guidelines recommend a sentencing range of three to nine months' imprisonment. U.S.S.G. § 7B1.4(a). At the hearing, the probation officer recommended a sentence at the high end of this range but noted that airline records established that Benton had left the judicial district without permission on previous occasions. The court stated its decision as follows:

> In light of the admitted violation of being outside the district, in light of the circumstances under which he was apprehended outside the district and in light of the probation officer's statement that there was more than one time he was absent from the district without permission, and in light of the nature of the original conviction in this case, the Court is going to impose a sentence of 12 months incarceration. Of course he will receive credit for the time he has been held pending this hearing.

The court also imposed an additional two-year supervised release period.

"We review the district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion."

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

*United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). "We will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). The relevant statutory factors are specified in 18 U.S.C. § 3553(a).

The district court did not abuse its discretion in this case. It recognized the recommended range and departed from it based on a consideration of several of the relevant statutory factors, most notably, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Therefore, the district court's sentencing decision is **AFFIRMED.**