**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis ARGETSINGER, Defendant–**
**Appellant.**

No. 02–2403.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2003.

John C. Bruha, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

## ORDER

Dennis Argetsinger appeals a district court judgment that revoked his supervised release. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Argetsinger admitted that he violated two conditions of his supervised release by: (1) failing to report to his probation officer, and (2) by failing to notify his probation officer of a change in residence. The district court found Argetsinger guilty of the violations and sentenced him to thirty-six months of imprisonment.

In this timely appeal, Argetsinger argues that the district court abused its discretion by imposing a sentence that was beyond the range recommended by the chapter seven policy statements of the Sentencing Guidelines.

We review a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir. 1998). The policy statements concerning the imposition of a sentence following the revocation of supervised release are merely advisory and do not bind the sentencing court. *Id.*

The district court did not abuse its discretion. In September 1996, Argetsinger was sentenced to seventy months of imprisonment to be followed by four years of supervised release following his conviction of two controlled-substance offenses involving methamphetamine. Argetsinger was released from prison in August of 2001. In addition to Argetsinger's admission that he had violated the two aforementioned terms of his release, the record reveals a more disturbing picture.

Argetsinger's probation officer testified that, while on release, Argetsinger had been accused of two assaults on family members and of stealing his grandmother's car and leaving it in a field. According to Argetsinger's mother, Argetsinger was implicated in the disappearance of some of her jewelry. Argetsinger had also tested positive for methamphetamine use when arrested in Wisconsin.

Argetsinger conceded that he had tested positive for methamphetamine use, but he maintained that the accusations of assault were false. Argetsinger also maintained that his probation officer was biased against him and was the source of his problems.

Although the probation officer had originally recommended a term of imprisonment of fourteen months for the probation violations, the officer revised his recommendation to a term of thirty-six months of incarceration.

In the light of the district court's general statement concerning the reasons for the sentence and the court's thorough examination of Argetsinger's post-release

 

record, the record is sufficient to permit an informed appellate review. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). The sentence shows that the court considered the relevant factors, and the sentence was not plainly unreasonable under the circumstances.

Accordingly, we affirm the district court's judgment.