**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerry Wayne WINN, Defendant–Appellant.**

No. 03–2542.

United States Court of Appeals, Sixth Circuit.

Aug. 23, 2004.

Thomas J. Gezon, Asst. U.S. Attorney, U.S. Attorney's Office, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defender's Office, Grand Rapids, MI, for Defendant–Appellant.

Before: BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

### ORDER

Jerry Wayne Winn, proceeding through counsel, appeals a district court judgment revoking his term of supervised release and imposing an additional term of incarceration. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On May 24, 1994, Winn pled guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Winn was sentenced to serve 97 months of imprisonment followed by five years of supervised release and to pay a special assessment in the amount of $50. Upon completion of his prison sentence, Winn began his term of supervised release on May 30, 2001. On October 15, 2003, a petition for warrant or summons for offender under supervision was filed, which alleged that Winn had violated the conditions of his supervised release by committing a state crime and failing to abstain from the use of alcoholic beverages. On November 6, 2003, the district court conducted a supervised release violation hearing, after which the court concluded that Winn had violated the terms of his supervised release. Therefore, the district court revoked Winn's term of supervised release and sentenced him to serve eighteen months in prison with no additional supervised release.

Winn has filed a timely appeal in which he contends that the sentence imposed by the district court upon revocation of his supervised release was "plainly unreasonable." The parties have waived oral argument.

"We will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir. 1999). Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, USSG § 7B1.4, such statements "are merely advisory" and

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

need only be considered by the district court before sentence is imposed. *Id.* at 310; *see also United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). In addition to the policy statements, the sentence imposed by the district court "must reflect consideration of the factors listed in 18 U.S.C. § 3553." *McClellan,* 164 F.3d at 310; *see also* 18 U.S.C. § 3583(e); *Washington,* 147 F.3d at 491.

Upon review, we conclude that the district court's sentence upon revocation of Winn's supervised release was not plainly unreasonable. The district court's comments made at the supervised release violation hearing reflect consideration of several of the factors listed in § 3553, including the nature and circumstances of Winn's violation, the need to deter criminal conduct, protect the public and provide Winn with appropriate alcohol abuse treatment, and Winn's unwillingness to follow his supervised release conditions. Further, "[b]y reviewing the supervised release violation report, the court is presumed to have considered the recommended sentencing range set forth in the policy statements." *Id.* Under these circumstances, the record reflects sufficient consideration of the relevant statutory factors to permit us to conclude that the district court did not err in revoking Winn's supervised release and imposing an eighteen-month sentence of imprisonment. *See id.; Washington,* 147 F.3d at 491–92.

Accordingly, we affirm the district court's judgment.