NOT FOR PUBLICATION
File Name: 06a0171n.06
Filed: March 3, 2006
**No. 05-5777**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff - Appellee,** )<br>)<br>)<br>**v.** )<br>)<br>)<br>)<br>**DONNA R. MULLINS,** )<br>)<br>**Defendant - Appellant.** )<br>)<br>)<br>) | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY** |

**Before: SILER and GRIFFIN, Circuit Judges; COOK, District Judge.**[*]

**PER CURIAM**. Upon a guilty plea, Defendant Donna Mullins was convicted of theft of United States government property. 18 U.S.C. § 641. In 2003, the district court sentenced Mullins to two years probation with home detention for a period of 60 days. As part of her probation, Mullins was required to submit to drug screening. On February 7, and March 17, 2005, her drug tests indicated marijuana use. She admitted the violations. After a hearing, the district court revoked her probation and sentenced her to eight months imprisonment. She appeals the length of her sentence. We AFFIRM.

---

[*]The Honorable Julian A. Cook, Jr., United States District Judge, Eastern District of Michigan, sitting by designation.

Mullins presents the following four arguments on appeal: (1) her sentence upon probation revocation is "greater than necessary" considering "the nature and circumstances of her conduct"; (2) the sentence was unreasonable because it failed to provide Mullins with needed medical care or other treatment; (3) the district court violated due process by not taking sufficient time to review and consider her arguments; and (4) her sentence is unreasonable because it is longer than the guideline range for her original offense in light of *United States v. Booker*, __ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because the district court stated that the eight-month sentence was designed to aid Mullins's drug withdrawal, demonstrated consideration of the relevant statutory provisions and advisory sentencing guidelines, and imposed a sentence less than the statutory maximum for the underlying offense, the sentence was not plainly unreasonable. *See United States v. Washington,* 147 F.3d 490, 491 (6th Cir.), *cert. denied,* 525 U.S. 954 (1998)*; see also United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005) (holding sentence upon probation revocation reviewed for abuse of discretion). Therefore, because the sentence imposed is neither unreasonable nor an abuse of discretion, we affirm. *Carr,* 421 F.3d at 429 (noting that a district court's sentencing determination usually upheld where consideration of relevant statutory factors is shown).

The district court considered the relevant statutory factors and tailored a sentence designed to aid Mullins's withdrawal from marijuana abuse. In addition, the court considered her status as a recidivist and recommended that she be provided therapy and treatment during her incarceration.

As her first argument, Mullins claims that she had an underlying psychological diagnosis that was the root of her compliance failure, and that she should have received treatment for a post traumatic stress disorder ("PTSD"). Mullins claims that she used marijuana for her PTSD.

Mullins's claim is unfounded and inaccurate. The district court recommend to the Bureau of Prisons that she be provided residential drug treatment including therapy. It addressed Mullins's drug abuse as follows:

> Hopefully, this period of time you can completely withdraw from the use, so I am going to recommend to the Bureau of Prisons that you participate in the 500-hour residential drug treatment, but any educational programs they do have. I know they have several shorter programs that I think are treatment and therapy. Hopefully, they are more one on one than the ones that you had that you referred to at Transitions.

Her second argument is that her sentence was unreasonable because it failed to provide her with "needed . . . medical care, or other correctional treatment in the most effective manner." The district court clearly cited 18 U.S.C. § 3553(a)(2)(D) and noted that the eight-month sentence was necessary to aid in Mullins's withdrawal from marijuana dependency.

Her third claim is that the district court failed to take the time to review her memorandum and attachments and violated her right to due process of law. Her memorandum and three attachments discussed the relationship between PTSD and drug dependency. The district court reviewed her memorandum and duly noted her psychological condition. As such, it would be imprudent for this court to decide how much time a trial court should devote to its review of court documents.

The district court clearly indicated consideration of Mullins's position and psychological problems in its findings below:

> Miss Mullins, your track record makes it very difficult to just rely upon the recommendation of Dr. Corbin and the argument of your attorney. I went back and pulled my notes from the underlying case and it looks like you had previously been using marijuana as early as September and October of '03. And at that time, the Court agreed with the recommendation of the probation officer, that a verbal reprimand and review of your supervision conditions be conducted as opposed to a revocation. I have a fairly strict policy on urines, dirty urines, on bond, supervised

release probation. *I made an exception to that for you. And your probation background history, the sorted and tortuous history that you had as a child, I considered all of those things in determining that it was best to place you on a term of probation for the underlying offense.*

\* \* \* \*

Having said all of that, your prior history of noncompliance with the conditions of release while on bond, it seems as if you – you've been given several chances and you haven't taken advantage of that. I am going to revoke your supervised release. (emphasis added).

Mullins's final argument is that her sentence of eight months was unreasonable in light of *Booker*. Mullins's advisory guideline range was 0-6 months, which she argues should be the same guideline range for sentencing under her probation revocation.[1] The statutory maximum for violation of 18 U.S.C. § 641, for theft of less than $1000, is not more than one year and an unspecified fine. Under USSG § 7B1.4, the range for imprisonment applicable upon revocation of probation is 4-10 months for a Grade C violation with a criminal history category of II. The district court clearly articulated its reasoning for revoking Mullins's probation and sentencing her to eight months. The factors in 18 U.S.C. § 3553(e) and 18 U.S.C. §3553(a)(2)(D) were cited and discussed by the district court. Mullins's history of non-compliance warranted imposition of the eight-month sentence. She has failed to demonstrate that the district court's sentence, four months less than the statutory maximum for the underlying offense, is plainly unreasonable for her probation violation.

AFFIRMED.

---

[1]Mullins's base offense for a violation of 18 U.S.C. § 641 from USSG § 2B1.1 is level 6. She received a downward adjustment of 2 for acceptance of responsibility. With a criminal history category of II and base level of 6, the guidelines recommend 1-7 months.