NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0297n.06
Filed: May 1, 2006

No. 05-1721

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE WESTERN DISTRICT OF** |
| TERRENCE HILL, | ) | **MICHIGAN** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; and SCHWARZER, Senior District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Defendant-appellant Terrence Hill pled guilty

to knowingly possessing a firearm in and affecting commerce as a previously convicted felon. After

a hearing, Hill was sentenced in the United States District Court for the Western District of

Michigan to a term of imprisonment of 46 months, a sentence at the low end of the advisory range

under the United States Sentencing Guidelines. Hill appeals, arguing that his sentence is

unreasonable. For the following reasons, we affirm Hill's sentence.

The facts of this case are undisputed. On June 5, 2004, the Lansing, Michigan police

investigated a report of gang activity in an area known for drug trafficking, fights, violence, and

_____

[*] The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

1

weapons complaints. Upon arrival, an officer observed Hill walk away from a group of five individuals and toward his police car. Hill ignored the officer's request to speak with him and fled. The officer gave chase and tackled Hill. Hill was carrying a handgun in his right hand; when he was tackled, it fell to the ground along with a bag of marijuana. Hill continued to resist and reached for the weapon, and the officer struck him in the face repeatedly. Other officers then arrived and Hill was taken into custody. The officers determined that the handgun was unloaded.

Hill was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). He pled guilty on January 31, 2005, admitting that he possessed a friend's unloaded firearm. Hill had previously been convicted of felony drug offenses in 1989 and 1999, as well as numerous other lesser violations. Hill was sentenced in April 2005 pursuant to a Presentence Report ("PSR"). The PSR calculated Hill's criminal history as Category III due to prior drug offenses and the offense level as 21 after a three-level reduction for acceptance of responsibility. This yielded a sentencing range of 46 to 57 months. Hill did not object to the PSR, so the court adopted its statements of facts while explicitly recognizing that the PSR's conclusions were "merely recommendations" to the court.

At sentencing, Hill's counsel argued that there was no evidence that he possessed the gun for a nefarious purpose, so the court should adopt a lower sentence than recommended by the Guidelines. In addition, Hill requested leniency because he had completed probation from his prior sentence, cared for his wife and children, and held a steady job. Finally, Hill noted that the state conviction for the same offense would result in a sentence roughly half as long as the Guidelines minimum. The United States countered that the PSR could easily have assigned Hill a higher

criminal history score based on his fifteen prior convictions, so the calculated Guidelines range was actually lenient. In addition, the government noted that Hill possessed the gun in a high crime area, which could give rise to an inference of an intent to commit malfeasance.

The court sentenced Hill to 46 months in prison after considering Hill's prior convictions (specifically noting the recent 1999 conviction, for which he served 90 days after being sentenced to between two and forty years on two counts of cocaine possession), the danger presented by his flight from the police, his possession of marijuana, and the fact that the handgun was not loaded. After considering these factors and explicitly noting the reasons for the differences between state and federal sentences for similar offenses, the court sentenced Hill at the low end of the Guidelines range but declined to deviate from that range. The judge also recommended that Hill be admitted to the residential drug abuse program and allowed Hill to self-surrender. Hill appeals, claiming that the court's sentence was unreasonable because it did not fully consider the mitigating factors presented at sentencing.

Sentences imposed after the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005)*,* are reviewed for reasonableness. *United States v. Williams*, 436 F.3d 706, 707 (6th Cir. 2006). Sentences properly calculated under the Guidelines receive a rebuttable presumption of reasonableness. *Id*. at 708. Regardless of whether it sentences within the Guidelines range, the district court must consider the 18 U.S.C. § 3553(a) sentencing factors in determining the sentence to be applied. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) ("[W]e may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in [] § 3553(a)."). This consideration requires the

court to provide sufficient evidence of its reasoning to permit "meaningful reasonableness review" of the sentence. *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005).

Hill contends that the court failed to consider mitigating factors in determining the length of his sentence, in effect treating the Guidelines as if they were mandatory. This contention is meritless. The court plainly stated that the PSR and its conclusions were "merely recommendations," and there is no indication that the court considered the Guidelines range mandatory. Hill also argues that the district court's use of the word "depart" in connection with his decision to sentence within the Guidelines range implies that the court treated the Guidelines as mandatory. The use of the word "depart," however, does not necessarily imply that the district court treated the Guidelines as mandatory – rather, this usage reflects the consideration of the Guidelines mandated by *Booker*. In light of the court's explicit recognition of the Guidelines' advisory status, this argument must fail.

Hill also argues that the sentence was unreasonable because the court did not adequately consider mitigating factors. Not only is the sentence within the Guidelines range and therefore presumptively reasonable, *see Williams*, 436 F.3d at 707, but the court explicitly weighed the reasons for and against deviating from that range in explaining its reasons for selecting its chosen sentence. The court is not required to engage in a "ritual incantation" of the sentencing factors in determining the sentence, *Williams*, 436 F.3d at 708-09; *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998), and likewise need not specifically reference each and every one of the mitigating factors produced by the defendant so long as its reasoning is sufficiently articulated to permit meaningful reasonableness review. Here, the court carefully reviewed the reasons for and

against deviating from the Guidelines range and ultimately decided not to deviate. A decision to vacate the sentence here would impermissibly substitute our judgment for that of the district court. Hill has failed to overcome the presumption that his sentence is reasonable.

For the foregoing reasons, we affirm Hill's sentence.