**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Shayna HOWELL, Defendant–Appellant.**

**No. 02–2497.**

United States Court of Appeals, Sixth Circuit.

May 1, 2003.

Before MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.*

---

*ORDER*

Shayna Howell, a federal prisoner proceeding through counsel, appeals a district court judgment revoking her term of supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 7, 1998, Howell pleaded guilty to one count of conspiracy to import heroin, in violation of 21 U.S.C. §§ 952, 963. She was sentenced to 37 months in prison, 4 years of supervised release, and a $100 special assessment. She did not file a direct appeal.

After completing her term of imprisonment, Howell began serving her term of supervised release on May 18, 2001. At a hearing on August 29, 2002, she pleaded guilty to violating the terms of supervised release by committing another crime, by using a controlled substance, and by failing to maintain full-time employment. The district court did not revoke supervised release at that time, but adjourned the hearing for three months to give Howell another opportunity to come into compliance. On December 2, 2002, the district court reconvened the hearing and revoked Howell's supervised release because she had tested positive for drugs twice in the intervening period. The district court imposed a term of incarceration of 6 months in prison and no additional supervised release.

Howell's court appointed counsel has filed a brief with this court and also a

---

mind if I look around in the car then, do you, would you?")

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the entire record, counsel determined that there were no meritorious grounds for appeal, but nonetheless examined whether the district court properly revoked supervised release and whether the sentence was proper. Howell was notified of her right to respond to her attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

We conclude that the district court did not abuse its discretion by revoking Howell's supervised release as Howell admitted to violating the conditions of supervised release. *See United States v. Lowenstein*, 108 F.3d 80, 85–86 (6th Cir.1997).

The district court likewise did not abuse its discretion by imposing a prison sentence of six months. *See United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend ranges of imprisonment, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *Washington*, 147 F.3d at 491. In the absence of mandatory guidelines, the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The relevant factors in 18 U.S.C. § 3553 include, among others: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline pol-

icy statements; and 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

When imposing the six-month sentence of incarceration, the district court commented that the court needed to enforce its order that Howell had not avoided using controlled substances as ordered since the last hearing, and that she needed isolation from society to become sober. The district court then ordered Howell to participate in both drug and mental health treatment during incarceration. The district court's comments reflect consideration of several of the factors listed in § 3553, including the need to deter criminal conduct and the need to provide Howell with appropriate treatment. It is also clear that the district court considered the Chapter 7 policy statements even though the court did not expressly cite to them. *See Washington*, 147 F.3d at 492.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.