**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eric OUSLEY, Defendant–Appellant.**

No. 02–4246.

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before KRUPANSKY, SILER, and GILMAN, Circuit Judges.

*ORDER*

Eric Ousley appeals a district court judgment that revoked his supervised release and sentenced him to eight months of imprisonment. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In this timely appeal, Ousley's appointed counsel has filed a motion to withdraw and a finely-crafted example of the brief envisioned by the Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ousley was notified of counsel's motion to withdraw, but he has filed no response.

The motion to withdraw will be granted as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: whether Ousley entered a valid admission to violating the conditions of his supervised release and whether the district court abused its discretion in sentencing Ousley. Counsel states these issues but concedes that they lack merit.

As an initial matter, the district court did not err by revoking Ousley's release. In October 2002, Ousley confessed that he violated the conditions of his supervised release by: being convicted of theft in Ohio state court, failing drug tests, failing to participate in substance-abuse treatment, failing to make restitution payments, and failing to report to his probation officer.

The court ordered that the eight-month sentence run consecutive to the eight-month sentence Ousley received for his theft conviction. We review a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). The policy state-

ments concerning the imposition of a sentence following the revocation of supervised release are merely advisory and do not bind the sentencing court. *Id.*

In the absence of mandatory guidelines, the sentence imposed must show consideration of any relevant statutory factors and may not be plainly unreasonable. 18 U.S.C. §§ 3553, 3583(e) & 3742(a)(4); *Washington,* 147 F.3d at 491; *United States v. Webb,* 30 F.3d 687, 689 (6th Cir. 1994). The relevant factors in 18 U.S.C. § 3553 include: (1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; (2) the nature of the offense; (3) any guideline range for sentencing; (4) guideline policy statements; and (5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

The district court did not abuse its discretion. It is obvious from the record that the court fashioned the eight-month consecutive sentence while mindful of the relevant factors. The sentence was not plainly unreasonable under the circumstances.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.