**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erie ADAMS, Defendant–Appellant.**

**No. 01–2089.**

United States Court of Appeals,
Sixth Circuit.

May 21, 2003.

Before RYAN, BATCHELDER, and LAY, Circuit Judges.*

RYAN, Circuit Judge.

The defendant, Erie Adams, appeals his sentence of 36 months' imprisonment, which represents the statutory maximum for four violations of the conditions of his supervised release. Adams challenges his sentence on the grounds that the district court did not consider the relevant statutory factors and that the sentence is plainly unreasonable. We reject Adams's arguments and affirm the district court's sentence.

I.

In 1993, Adams pleaded guilty to six offenses involving drugs and firearms. He received a sentence of 147 months' imprisonment. Between 1993 and 2000, he substantially assisted the government in other cases. As a result, in May 2000, the district court modified Adams's sentence to time served and four years of supervised release. Adams began serving his term of supervised release on May 16, 2000.

On May 31, 2000, Adams obtained a Michigan driver's license under the name Michael Johnson. Between April and June 2001, Adams obtained a motorcycle and twice changed his address without informing his probation officer, as he was required to do. On July 18, 2001, Adams was arrested and charged with five violations of the conditions of his supervised release. The government charged that he (1) violated the condition that he "shall not commit another federal, state, or local crime" when he obtained the fraudulent driver's license, (2) failed to "submit a truthful and complete written report" when he did not report the motorcycle, (3) failed to "follow the instructions of the probation officer" when he did not inform his probation officer of his changes in address, (4) failed to "notify the probation officer within 72 hours of any change in residence," and (5) violated the condition that he "shall not own or possess a firearm."

Adams admitted the first four violations and denied the firearm charge. The district court did not consider the firearm when it sentenced Adams. Based only on the four admitted violations, the district court sentenced Adams to 48 months' imprisonment, but two days later the court realized that the statutory maximum for

---

* The Honorable Donald P. Lay, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

the charges was 36 months. Accordingly, it resentenced Adams to 36 months' imprisonment.

At the sentencing hearing, the district judge stated that he had given Adams a "break" in May 2000 when his sentence was reduced to time served and supervised release. With respect to the false driver's license, the judge noted that "within days [Adams] committed a felony, a state felony, that I consider very serious especially for somebody that I believe got a pretty good break." As to the other violations, the court found that they "still show an attitude" indicating that Adams did not conduct his life "like honest, straight-forward people do." In sentencing Adams, the district judge stated that he "believe[d] that the sentencing guidelines should not be applied in this particular matter ... because of the short period of time that came by." Ultimately, the court concluded that Adams lacked "the whole attitude adjustment that's necessary for someone to comply with society's rule."

Adams argues that in imposing the sentence, the district court failed to consider the sentencing guidelines policy statements applicable to a violation of supervised release. He claims that while he was in prison, his girlfriend charged thousands of dollars on his credit cards but did not pay the bills, and as a result, he could not get credit in his own name. Therefore, he obtained a fraudulent driver's license in order to apply for credit. He claims that he needed credit to purchase a vehicle. Adams argues that the other violations were "technical in nature" and do not warrant a 36–month sentence.

## II.

We review a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.

1998). We must determine whether the district court considered the relevant statutory factors and whether the sentence is plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999).

A district court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release ... if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]

18 U.S.C. § 3583(e)(3). Under the statute, the district court could sentence Adams to a maximum of 36 months' imprisonment because he originally pleaded guilty to a Class B felony, *see id.*, but it must consider the sentencing factors set forth in 18 U.S.C. § 3553. *See* 18 U.S.C. § 3583(e). The court must also consider the applicable policy statements. 18 U.S.C. § 3553(a)(4)(B). The district court satisfies the statutory requirement if its "explanation of the sentence makes it clear that it considered the required factors." *Washington*, 147 F.3d at 491. The district court " 'need not engage in ritualistic incantation in order to establish consideration of a legal issue.' " *Id.* (quoting *United States v. Davis*, 53 F.3d 638, 642 (4th Cir.1995)). And there is no "requirement that the district court make specific findings relating to each of the factors considered." *Id.*

Chapter Seven of the Sentencing Guidelines contains policy statements that govern violations of supervised release. The policy statements in Chapter Seven are "merely advisory and ... a court need only consider them prior to imposing sentence for revocation of supervised release." *McClellan*, 164 F.3d at 310. Although it is

not bound by the policy statements, the district court must provide "an indication of its reasons for imposing a sentence that exceeded the recommended sentencing range." *Id.* When, as in this case, no binding sentencing guidelines exist, the sentence may not be "plainly unreasonable." *United States v. Webb,* 30 F.3d 687, 689 (6th Cir.1994); 18 U.S.C. § 3742(a)(4).

The district court had considerable discretion when it sentenced Adams; it was not obligated to follow any guidelines. The district court made a lengthy, detailed statement from the bench explaining why it imposed the maximum sentence. It considered Adams's criminal history, the fact that he committed a "very serious" state felony within days of his release, as one of four admitted violations of his conditions for supervised release, and, perhaps most importantly, that he had a negative "attitude" toward living an "honest" and "straight-forward" life. The court's statement reflects several of the factors listed in § 3553, including the nature of the offense, the characteristics of the defendant, and the need for a stringent sentence. *See Webb,* 30 F.3d at 689 n. 2; 18 U.S.C. § 3553(a).

The parties dispute whether Adams committed a Grade A or a Grade B violation when he obtained the false identification. Based on Adams's criminal history, the policy statements in Chapter Seven recommend a sentence of 12–18 months for a Grade A violation. U.S.S.G. § 7B1.4(a), p.s. The policy statements recommend four to ten months for a Grade B violation. *Id.* Regardless of whether Adams committed a Grade A or a Grade B violation, the district court had the discretion to impose a more stringent sentence than that recommended by the policy statements. The district court explained why it chose to do so. Furthermore, a comment to the policy statements indicates that an upward departure may be warranted when the original sentence was the result of a downward departure, such as a reward for substantial assistance. U.S.S.G. § 7B1.4(b), comment .(n.4) The district court faced exactly this situation, noting that Adams "got a substantial break for cooperation." An upward departure was indeed appropriate when the district court had already given Adams the benefit of a reduced sentence.

There is no basis for Adams's argument that the 36–month sentence was plainly unreasonable. The district court carefully considered the facts of the case and sufficiently explained why it sentenced Adams to the statutory maximum. We conclude that the district court did not abuse its discretion.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.