UNITED STATES of America, Plaintiff–Appellee,

v.

Boyd M. REEDER, Defendant–Appellant.

No. 02–6247.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Boyd M. Reeder appeals a district court judgment that revoked his supervised release and imposed an additional term of imprisonment. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1999, Reeder pleaded guilty to manufacturing marijuana and to several firearm offenses. *See* 21 U.S.C. § 841(a); 26 U.S.C. § 5681. On June 30, 1999, he was sentenced to thirty-three months of imprisonment and three years of supervised release.

Reeder was released from prison on October 29, 2001, and a probation officer subsequently charged him with violating the conditions of supervised release. A final revocation hearing was held on September 13, 2002, at which Reeder admitted that he had violated the terms of super-

vised release by using marijuana. Thus, the district court revoked his supervised release and sentenced him to additional terms of five months of imprisonment and two years of supervised release.

It is from this judgment that Reeder now appeals. His attorney has filed a motion to withdraw and brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We review the district court's revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). The court must consider the policy statements in Chapter 7 of the sentencing guidelines; however, those policy statements are not binding. *United States v. Jackson*, 70 F.3d 874, 878 & n. 3 (6th Cir.1995). Thus, the district court's judgment must be affirmed if it considered the applicable policy statements and imposed a sentence that was statutorily authorized and not plainly unreasonable. *Id.*

An independent review of the record indicates that the revocation of supervised release was valid and that the district court substantially complied with Fed. R.Crim.P. 32.1. Reeder waived his right to a preliminary hearing, and the final revocation hearing was held within a reasonable time. He was represented by counsel and advised of the charges against him. Nevertheless, Reeder admitted that he tested positive for marijuana on thirteen occasions during his period of supervision. Under these circumstances, we conclude that the district court acted within its discretion by revoking his supervised release. *See United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997).

Reeder did not raise any significant legal arguments at his combined revocation and sentencing hearing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here.

There is no indication that the district court failed to consider the policy statements in the sentencing guidelines. Indeed, the five-month sentence that Reeder received fell below the midpoint of the range that was recommended by USSG § 7B1.4(a). This sentence was authorized by 18 U.S.C. § 3583(e)(3), and the district court indicated that it was warranted by Reeder's repeated violations. The court's judgment was not plainly unreasonable in light of these findings. *See Washington*, 147 F.3d at 491–92; *Jackson*, 70 F.3d at 879–80.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.