**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Boyd M. REEDER, Defendant–**
**Appellant.**

No. 03–5619.

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 2003.

Candace G. Hill, Terry M. Cushing, Asst. U.S. Attorneys, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Scott T. Wendelsdorf, Western Kentucky Federal Community Defender, Inc., Louisville, KY, Boyd M. Reeder, pro se, Lexington, KY, for Defendant–Appellant.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

### ORDER

This is a direct appeal from a judgment in which the district court ordered the revocation of Boyd M. Reeder's supervised release and imposed an additional term of incarceration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, a warrant issued for Reeder for his possible violation of the conditions of his supervised release from a federal conviction. The district court subsequently revoked Reeder's release and imposed a new nine-month sentence of incarceration. This appeal followed. Counsel for Reeder filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *An-*ders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Reeder was served with this motion and a copy of the brief and was invited to respond. *See Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988).

Reeder was convicted in 1999 of manufacturing marijuana and firearms offenses. He was sentenced to a thirty-three month term of imprisonment and a three-year period of supervised release. Reeder was released in 2001 and was found to have violated the terms of his supervised release by using marijuana. On September 13, 2002, the district court revoked Reeder's supervised release and sentenced him to a new five-month prison term and a two-year period of supervised release. This new period of supervised release was subject to the standard conditions of release, including the necessity for Reeder to refrain from further marijuana use. This judgment was affirmed on direct appeal by a panel of this court. *United States v. Reeder,* No. 02–6247, 2003 WL 344318, 56 Fed.Appx. 243 (6th Cir. Feb. 10, 2003) (order).

Reeder served out all (or a portion) of his five-month term and was released. Reeder tested positive for marijuana use on six dates (February 12, 2003, February 20, 2003, February 24, 2003, February 27, 2003, March 7, 2003 and March 11, 2003) and a violator warrant was issued for his arrest on March 19, 2003. Reeder appeared at a hearing at which he conceded probable cause and the matter was set for a final sentencing hearing. At the sentencing hearing, Reeder admitted his violations and asked for the opportunity to enter a community-based drug rehabilitation program. The district court revoked Reeder's release, denied his request to

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

remain free of further incarceration, and imposed a new nine-month term of imprisonment. The court recited Reeder's violations and noted that his plea for leniency was similar to the one Reeder made at his 2002 revocation hearing. The court noted that this was a Grade C violation, as that term is used in Chapter 7 of the Sentencing Guidelines, and that Reeder's criminal history category of I resulted in a three to nine months sentencing range. The court then justified its decision to impose a new nine-month term of imprisonment as follows:

> Based on the fact that Mr. Reeder's original offense was drug related and the fact that Mr. Reeder had six positive urine screens while on supervision and he's previously been revoked before, the period of the nine month period [sic] of confinement is necessary and sufficient sanction in this case and leaves the Court with little or no leeway to do much else and meets the statutory requirements and sentencing objectives of punishment, incapacitation and general deterrence.

Counsel for Reeder argues that the decision to revoke Reeder's supervised release and to impose a new period of incarceration was error, but counsel acknowledges that this issue lacks merit. This court reviews a district court's revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend prison ranges, the policy statements are merely advisory and do not bind the sentencing court. *Washington*, 147 F.3d at 491. In the absence of mandatory guidelines, the district court's sentence must show consid-

eration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir. 1994).

The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted sentence disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in § 3553. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999). All that is required is a general statement of the sentencing court's reasons sufficient to permit an informed appellate review. *Id.*

Reeder conceded the fact of his violations and the parties agreed that Reeder's violations (for simple marijuana use) were Grade C violations as that term is used in the guidelines. USSG § 7B1.1(a)(3) (a violation of conditions of supervised release that is not a state or federal felony or misdemeanor). The district court was empowered to revoke Reeder's supervised release for a Grade C violation, USSG § 7B1.3(a)(2), and the new term of imprisonment imposed fell within the suggested three to nine month guideline range. USSG § 7B1.4 (Grade C violation and a criminal history category of 1). The district court settled upon the sentence of record only after reflecting upon the circumstances of Reeder's conviction, his inability to follow his release conditions, and his apparent need to be segregated from society and marijuana. This is a sufficient

consideration of the relevant statutory factors to permit this court to conclude that the district court did not err in revoking Reeder's release or in imposing the punishment of record. There are no other errors assigned or apparent. The appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.