**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony MARRONE, Defendant–
Appellant.**

No. 03–5552.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2004.

C. William Swinford, Jr., Lexington, KY, for Defendant–Appellant.

Before: DAUGHTREY and COLE, Circuit Judges; POLSTER, District Judge.*

## ORDER

Anthony Marrone appeals a district court judgment revoking his supervised release and imposing a sentence of imprisonment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marrone pleaded guilty to committing bank fraud and mail fraud. On October 30, 2001, the district court sentenced Marrone to twenty-four months of imprisonment and five years of supervised release. The district court also ordered Marrone to pay restitution in the amount of $126,426.24. Marrone was released from the Federal Bureau of Prisons on August 27, 2002, to Bourbon County, Kentucky, on a detainer. Marrone was subsequently released from the custody of the Bourbon County Detention Center on November 12, 2002. Marrone failed to contact the United States Probation Office within seventy-two hours of his release from the custody of the Bourbon County Detention Center in violation of 18 U.S.C. § 3583(e)(3) and (g). On February 12, 2003, Marrone was arrested pursuant to a warrant.

The magistrate judge conducted a probable cause hearing at which Marrone stipulated that he had violated the conditions

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Lexington, KY, for Plaintiff–Appellee.

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

528

of his supervised release by not contacting the United States Probation Office as ordered. Thereafter, the district court conducted a revocation hearing at which the district court determined that Marrone had violated the terms of his supervised release by failing to report to the United States Probation Office as ordered. The district court revoked Marrone's supervised release and sentenced him to one year of imprisonment and five years of supervised release.

On appeal, Marrone's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to supplement the record on appeal. The government objects to counsel's motion to supplement the record. Marrone has not responded to his counsel's motion to withdraw.

We hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Although believing the appeal to be without merit, counsel submits the following issues for review: 1) whether the district court erred in revoking Marrone's supervised release; and 2) whether the United States Probation Office erred by not tolling Marrone's supervised release.

This court reviews a district court's action regarding supervised release for an abuse of discretion. *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000). In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *Id.*

■ The district court did not abuse its discretion by revoking Marrone's supervised release as Marrone admitted to violating the conditions of supervised release.

*See United States v. Lowenstein*, 108 F.3d 80, 85–86 (6th Cir.1997). Probable cause was found for revoking Marrone's supervised release at a preliminary hearing. Marrone stipulated that he had violated the conditions of his supervised release by failing to contact the United States Probation Office as ordered. A final hearing was held within a reasonable time, at which Marrone was represented by counsel and advised of the charges against him. At the revocation hearing, Marrone admitted not reporting to the United States Probation Office, but claimed that: 1) he did not remember the district court telling him that he was to report to the Probation Office upon his release; 2) he did not receive a copy of the Judgment of Conviction and Sentence, where it provides that he is to report to the Probation Office within seventy-two hours of his release; and 3) he did not receive any notification from the jailer in Bourbon County with respect to the probation officer's message to the Bourbon County Detention Center that Marrone was to report to the United States Probation Office.

The district court offered to obtain a copy of Marrone's original sentencing hearing transcript. The district court told Marrone that if the sentencing transcript revealed no order to report to the Probation Office, Marrone would be released. Conversely, if the transcript revealed such an order, Marrone would be sentenced. Marrone had no objection. The original sentencing transcript clearly reveals the district court's order for Marrone to report to the United States Probation Office within seventy-two hours of release from imprisonment. Under these circumstances, we conclude that the district court did not abuse its discretion by revoking Marrone's supervised release. *See* 18 U.S.C. § 3583(e)(3).

Moreover, in the absence of a specific legal error, this court lacks jurisdiction to review a sentence that falls within the applicable guideline range. *See United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995). Marrone did not raise any legal arguments at his final revocation hearing. Therefore, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent here. There is no indication that the district court failed to consider the policy statements in the sentencing guidelines, and the sentence that Marrone received fell within the range that was recommended by USSG § 7B1.4(a). That sentence was authorized by 18 U.S.C. § 3583(e)(3), and it was not plainly unreasonable in light of Marrone's admission that he failed to report to the United States Probation Office as ordered by the district court. *See United States v. Washington,* 147 F.3d 490, 491–92 (6th Cir.1998).

■ Marrone's second contention is meritless. Marrone argues that the United States Probation Office should have tolled his period of supervised release until after the final disposition of the criminal charges by the state. While Marrone was being held in the Bourbon County Detention Center, he petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. While that petition was pending, Marrone entered a conditional guilty plea to the state charges in the Bourbon Circuit Court, reserving his right to withdraw his guilty plea in the event his habeas petition was granted. Because Marrone had already served his entire state sentence under the conditional guilty plea, the state court released Marrone on his own recognizance. In essence, Marrone contends that he was not actually "released" from the Bourbon County Detention Center because he still had a petition for a writ of habeas corpus pending before the United States District Court for the Eastern District of Kentucky, and his state court criminal case was not final because there existed the possibility that he might be allowed to withdraw his guilty plea. Marrone argues that he had seventy-two hours from the rendition date of the district court's judgment denying his petition for a writ of habeas corpus in which to report to the United States Probation Office.

Marrone is mistaken. "The term of supervised release commences on the day the person is released from imprisonment...." 18 U.S.C. § 3624(e). In *United States v. Johnson,* 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), the Supreme Court adopted the "common-sense" meaning of release and held that a defendant has not been released if still imprisoned. *Id.* at 57. Thus, a term of supervised release generally does not run concurrently to a term of imprisonment, but runs only after imprisonment concludes. *Id.* at 57–58. Marrone's imprisonment concluded when he was released on his own recognizance. The only provision in § 3624(e) providing for any type of tolling states that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days," a provision that does not apply in this case. Marrone's term began the day he was sentenced by the Bourbon Circuit Court on his conditional guilty plea and released on his own recognizance. He was required to report to the United States Probation Office within seventy-two hours from that day, and he failed to report.

To the extent that Marrone might wish to supplement the record on appeal with documents pertaining to his petition for a writ of habeas corpus, we conclude that the habeas proceeding does not affect the immediate appeal.

We have further examined the record in this case, including the transcript of Marrone's revocation hearing, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw, deny the motion to supplement the record, and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.