**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Isaac BAKER, Defendant–Appellant.**

**No. 03–4135.**

United States Court of Appeals,
Sixth Circuit.

April 28, 2004.

Salvador A. Dominguez, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.

Gordon Hobson, Federal Public Defender's Office, Columbus, OH, for Defendant–Appellant.

Before: GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

### ORDER

Isaac Baker, a federal prisoner, appeals a district court's order revoking his term of supervised release for the second time. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Baker pleaded guilty to two counts of distributing cocaine base and was sentenced to 46 months in prison and 5 years of supervised release. Upon completion of his prison sentence, he began his term of supervised release on August 3, 1998. Due to Baker's violations of the conditions of supervised release, the district court initially modified the terms of supervised release to include participation in a mental health counseling program, but thereafter revoked supervised release on September 28, 2001, and ordered Baker to serve a year and a day in prison and one year of supervised release.

On June 24, 2002, Baker commenced his second term of supervised release. On June 9, 2003, a Petition for Warrant of Summons for Offender Under Supervision charged Baker with four violations of supervised release. Those violations included commission of additional offenses (Violation # 1), failure to notify the probation officer (Violation # 2), failure to participate in a mental health counseling program (Violation # 3), and failure to participate in a substance abuse treatment program (Violation # 4). The second violation was dismissed for lack of probable cause by a magistrate judge. At the final revocation hearing on August 14, 2003, Baker conceded the other violations. Accordingly, the district court revoked his term of supervised release and sentenced him to 364 days in prison with no additional supervised release.

Baker's court-appointed counsel has filed a brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the entire record, counsel determined that

---

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

there were no meritorious grounds for appeal, but nonetheless examined whether the district court properly revoked supervised release and whether the sentence was proper. Baker was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as he has filed an acceptable *Anders* brief.

First, the district court afforded Baker due process. *See* Fed.R.Crim.P. 32.1. He received a preliminary hearing on July 18, 2003, before a magistrate judge, and had his final revocation hearing before the district court within a reasonable time on August 14, 2003. At the final revocation hearing, Baker was represented by counsel. He acknowledged that he had received a copy of the supervised release violation report and had discussed it with counsel. Thus, he received written notice and disclosure of evidence. In lieu of presenting evidence and questioning adverse witnesses, Baker conceded the allegations against him. Finally, he was afforded an opportunity to allocute before being sentenced and he exercised that right. *See United States v. Waters,* 158 F.3d 933, 945 (6th Cir.1998) (applying former version of Rule 32.1).

Second, the district court did not abuse its discretion by revoking Baker's supervised release as Baker admitted to violating the conditions of supervised release by committing other offenses, failing to participate in a mental health counseling program, and failing to participate in a substance abuse treatment program. *See* 18 U.S.C. § 3583(e)(3); *United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997).

Third, the district court did not err in sentencing Baker. Although the policy statements from Chapter 7 of the United States Sentencing Guidelines recommend ranges of imprisonment, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). But the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington,* 147 F.3d at 491; *United States v. Webb,* 30 F.3d 687, 689 (6th Cir. 1994). The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

In the instant case, the sentence was within the recommended range and showed consideration of the statutory factors. Baker's violations of supervised release were Grade C violations because they were not offenses punishable by more than one year in prison. *See* USSG § 7B1.1(a). Because Baker had committed a Grade C violation and had a criminal history category of IV, the recommended guidelines range of imprisonment was 6 to 12 months. *See* USSG § 7B1.4. Defense counsel informed the court of the guidelines range, and the district court sentenced Baker within the range to 364 days in prison. When imposing the sentence of incarceration, the district court commented:

The Court is concerned about the nature of the violations, and particularly about Mr. Baker's failure to avail himself of

counseling, which I believe would be very helpful to him in maintaining a stable life-style and to refrain from involving himself in violent situations. And unless and until he obtains that kind of counseling and matures in this area, he's a danger to other folks, and the Court believes that the appropriate sanction is a 12–month period of incarceration.

The district court's comments reflect consideration of several of the factors listed in § 3553, including the need to protect the public and the nature of the offense. It is also clear that the district court considered the Chapter 7 policy statements even though the court did not expressly cite to them. *See Washington,* 147 F.3d at 492.

Accordingly, counsel's motion to withdraw is granted, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.