**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Allen WILLIAMS, Defendant–
Appellant.**

No. 03–6323.

United States Court of Appeals,
Sixth Circuit.

June 23, 2004.

Nancy Stallard Harr, Asst. U.S. Attorney, U.S. Attorney's Office, Greenville, TN, for Plaintiff–Appellee.

Nikki C. Pierce, Federal Defender Services of Eastern Tennessee, Greeneville, TN, for Defendant–Appellant.

David Allen Williams, Fort Worth, TX, Defendant–Appellant Pro Se.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

*ORDER*

David Allen Williams, a federal prisoner, appeals the sentence of imprisonment imposed by the district court upon the revocation of his supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

In December 2000, Williams was convicted in the United States District Court for the Northern District of Texas of being a felon in possession of a firearm. Williams began his three-year period of supervised release on May 17, 2002, following a thirty-two month term of imprisonment. Supervision of Williams's release was transferred to the Eastern District of Tennessee United States Probation Office.

On July 23, 2003, the United States Probation Office filed a petition to revoke Williams's supervised release alleging eight violations of the conditions of release. Williams stipulated to violating conditions one through six. The district court conducted a hearing with respect to violations seven and eight. After hearing testimony, the district court concluded that the government had proved by a preponderance of the evidence that Williams had violated the conditions of supervised release as set forth in the petition to revoke. The district court revoked Williams's supervised release and sentenced him to a maximum sentence of twenty-four months of imprisonment pursuant to 18 U.S.C. § 3583(e)(3).

On appeal, Williams's attorney moves to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Williams has not responded to the motion to withdraw despite being advised of the opportunity to do so.

■ Upon review, we hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issue for review: whether the district court erred by failing to appropriately consider the applicable sentencing factors which resulted in a plainly unreasonable sentence. Thus, Williams does not challenge the district

court's decision to revoke his supervised release; rather, he contends that the district court abused its discretion in sentencing him by failing to consider all the sentencing factors outlined in 18 U.S.C. § 3553.

We review a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). We will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999).

Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend a range of eight to fourteen months in Williams's case, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *Washington*, 147 F.3d at 491. In the absence of mandatory guidelines, the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir. 1994). The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *McClellan*, 164 F.3d at 310. All that is required is a general statement of

the district court's reasons sufficient to permit an informed appellate review. *Id.*

The district court did not abuse its discretion. The district court noted that it had considered the policy statements of Chapter 7 of the Sentencing Guidelines, stated its reasons why a sentence within the advisory guideline revocation range would not be appropriate, and thereby stated its reasons for imposing a twenty-four month term of imprisonment. Specifically, the court noted that: 1) Williams had failed on numerous occasions to keep the supervising probation officer informed of his whereabouts; 2) Williams, while claiming to be employed, had failed to provide the supervising probation officer with the information necessary to verify his employment; 3) Williams received the proceeds of his wife's work as a prostitute; and 4) Williams had acquired a bow and arrows which the court believed presented a substantial risk of new criminal conduct. In light of the foregoing, the district court concluded that a sentence within the recommended range would not serve the interests of society nor the interest of rehabilitating Williams. Williams's twenty-four month sentence, to be followed by no further supervised release, is authorized by 18 U.S.C. § 3583(e)(3). Thus, Williams's sentence of imprisonment was not plainly unreasonable.

■ To the extent that the district court allowed hearsay statements regarding Williams's conduct, the district court did not err. The district court is not precluded from considering reliable hearsay in supervised release revocation hearings. *United States v. Waters,* 158 F.3d 933, 939–40 (6th Cir.1998).

We have further examined the record in this case, including the transcript of Williams's supervised release revocation hearing, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.