**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eddie L. WHITE, Defendant–Appellant.**

No. 00–4059.

United States Court of Appeals, Sixth Circuit.

Aug. 16, 2001.

310

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

## OPINION

WALLACE, Senior Circuit Judge.

White appeals from his 37–month sentence following a guilty plea to passing counterfeit money, arguing that the district court acted unreasonably in departing upward three levels. The district court did so because in its view White's Guideline criminal history category of VI failed to represent adequately White's actual criminal history and because of the strong likelihood of recidivism. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

We employ a three-prong test in reviewing a district court's upward departure from the Guidelines: (1) we review de novo whether the circumstances of the case are sufficiently unusual to warrant

---

* The Hon. J. Clifford Wallace, Senior Circuit Judge for the United States Court of Appeals   for the Ninth Circuit, sitting by designation.

departure; (2) we review for clear error whether the circumstances that justify departure actually exist; and (3) we determine whether the degree or range of departure was reasonable, giving "deference to the trier of fact's superior feel for the case." *United States v. Little,* 61 F.3d 450, 453 (6th Cir.1995) (internal quotation marks omitted). White's arguments on appeal fall within the third prong.

We have explained that "our deference depends upon the district court's providing a reasoned statement of the specific reasons for its departure in language relating to the Guidelines." *United States v. Kennedy,* 893 F.2d 825, 827 (6th Cir. 1990) (internal quotation marks omitted). White argues that the district court failed to provide such a "reasoned statement." In conjunction with this argument. White asserts that Federal Rule of Criminal Procedure 35(c) precludes us from considering the district court's reasoning provided during a second hearing held on July 24, 2000. We do not reach this argument, however, for we hold that the reasons provided in the original June 26, 2000 sentencing hearing meet the requirements of *Kennedy.*

In *United States v. Thomas,* 24 F.3d 829, 833–34 (6th Cir.1994), we explained that the requirement of a "reasoned statement" could be met by a "short, written or reasoned statement from the bench identifying the aggravating factors and the court's reasons for connecting them to permissible grounds for departure." We also clarified in *Thomas* that, "[i]n a case such as the one before us, however, when criminal history category VI is inadequate, there is no 'next higher criminal history category' for the sentencing court to use as a reference." *Id.* at 834. We held that *United States v. Lassiter,* 929 F.2d 267 (6th Cir.1991), was inapplicable under these circumstances. *Thomas,* 24 F.3d at 835. Instead, where a defendant is already at criminal history category VI, we read U.S.S.G. § 4A1.3 as requiring "a court to continue moving down offense-level ranges only until it finds a range which would provide an appropriate sentence for the defendant, but no further." *Id.* at 834. We do not require "the court to move only one level, or to explain its rejection of each and every intervening level." *Id.*

■ The district judge supported his decision to depart upward by referring to a prior experience he had with White while on the bench, including a recollection of White not being entirely candid with him. White's prior involvement with firearms was also troubling to the court. The district court stated that White had a "history of either being convicted of or apparently in violent crimes to the extent that he was charged with them and has had apparently from the record frequently been given reduced charges." Because of the extent and character of White's past illegal activity, the court decided that the criminal history category "significantly under represents the annual prior criminal conduct and propensity for future unlawful activity." We hold that on June 26, 2000, the district court adequately explained its reasons for the departure. Although the district court stated that it was relying on U.S.S.G. § 4B1.3, it was clear from the context and to the parties that the court was in fact relying on U.S.S.G. § 4A1.3.

■ White argues that even if the district court adequately explained its reasons on June 26, 2000, its decision was still unreasonable. We have explained, however, "unless there is little or no basis for the court's actions in making an upward departure, the sentence should be upheld." *Little,* 61 F.3d at 454 (internal quotation marks and alterations omitted). White has been involved in the criminal justice system for most of his adult life. Between just 1997 and 1999, White was charged

with six crimes involving violence and/or the use or possession of weapons. Further, the sentence White received thirty-seven months of imprisonment is still far below the statutory maximum of fifteen years on each count. We hold that the district court's decision to depart upward three levels was reasonable.

AFFIRMED.