**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eddie L. WHITE, Defendant–Appellant.**

No. 03–3790.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Thomas O. Secor, Asst. U.S., Attorney, U.S. Attorney's Office for the Western Division, Toledo, OH, for Plaintiff–Appellee.

Mark Wettle, Louisville, KY, for Defendant–Appellant.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Eddie L. White appeals a district court judgment that revoked a term of supervised release and sentenced him to a term of twenty-four months of imprisonment. The parties have waived oral argument in this case. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, White pleaded guilty to one count of passing counterfeit money and one count of possessing with intent to defraud additional counterfeit money. The district court sentenced White to thirty-seven months of imprisonment, an upward departure from the Sentencing Guidelines range, followed by a three-year term of supervised release. This court affirmed the district court's sentence on appeal. *United States v. White,* 17 Fed.Appx. 309 (6th Cir.2001). The district court cited White's strong likelihood of recidivism as one of its reasons for the upward departure in sentencing. *See White,* 17 Fed. Appx. at 310–11.

Upon completion of his term of imprisonment, White began his term of supervised release on September 11, 2002. After White tested positive for cocaine several times and failed to report for a drug test on another occasion, the government filed a violation report, and the district court issued a summons. At the ensuing hearing. White admitted the vi-

olations, and the district court initially modified the terms of supervised release to include participation in a drug rehabilitation program, but otherwise held the matter in abeyance.

On April 21, 2003, the government filed a superseding violation report on the ground that White had been expelled from his drug rehabilitation probation and had been arrested for drunken driving. At a subsequent hearing. White again admitted his violations of the terms of his supervised release. The district court revoked White's term of supervised release and sentenced him to the statutory maximum term of twenty-four months imprisonment, in excess of the guidelines range of eight to fourteen months of imprisonment, with no additional term of supervised release. White filed a timely notice of appeal. On appeal, White contends that the district court erred in sentencing him above the guidelines range because the record does not reflect that it considered the relevant factors required under 18 U.S.C. § 3553.

This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). Although the policy statements from Chapter 7 of the United States Sentencing Guidelines recommend ranges of imprisonment, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *Washington,* 147 F.3d at 491. In the absence of mandatory guidelines, the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See Washington,* 147 F.3d at 491; *United States v. Webb,* 30 F.3d 687, 689 (6th Cir.

1994). The relevant factors in 18 U.S.C. § 3553 include: (1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; (2) the nature of the offense; (3) any guideline range for sentencing; (4) guideline policy statements; and (5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999). A general statement of the district court's reasons sufficient to permit an informed appellate review will suffice. *Id.*

The district court did not abuse its discretion. In addition to citing White's strong likelihood of recidivism as one of its reasons for sentencing him above the guidelines in this case, the district court also relied upon White's extensive prior criminal history. *See White,* 17 Fed.Appx. at 311–12. When imposing the instant twenty-four month sentence, the district court commented that it had considered the guideline range, White's extensive history with the court, and the repeated instances of leniency White received from his probation officer, the prosecutor, and from the court. Under the circumstances of this case, the district court's comments reflect adequate consideration of the factors listed in § 3553. Plainly, the district court considered the guideline range in this case, but determined that the maximum sentence was appropriate because of White's recidivism and failure to respond to leniency. Given the familiarity of the district court with White's circumstances, the court did not abuse its discretion in sentencing White to twenty-four months of imprisonment in this case.

Accordingly, the district court's judgment is affirmed.