**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elmer J. HAYWOOD, Defendant– Appellant.**

No. 02–4301.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

Ava M.R. Dustin, U.S. Attorney's Office, Toledo, OH, for Plaintiff–Appellee.

Cherrefe A. Kadri, Toledo, OH, for Defendant–Appellant.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

### ORDER

This is a direct appeal from a judgment revoking a period of supervised release and imposing a new term of incarceration. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 29, 2002, Elmer J. Haywood was convicted on his plea to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced Haywood to a thirty-five month term of imprisonment, with a substantial amount of credit for time served, and a three year period of supervised release. Haywood was placed on supervised release for this conviction. On October 30, 2002, Haywood was found guilty of violating the terms of his supervised release and sentenced to a new three year term of imprisonment. This appeal followed.

This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). This court must determine whether the district court considered the relevant statutory factors and whether the sentence is plainly unreasonable. *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999). An examination of the record and law shows that the district court plainly considered the relevant sentencing factors and that the length of the sentence is not otherwise unreasonable.

On April 10, 2002, Haywood was placed on supervised release following his conviction for distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), a Class B felony. The supervised release component of Haywood's conviction carried with it several conditions. Some of these conditions were that Haywood not use prohibited substances, that he not engage in any unlawful behavior, that he report to his probation officer as directed, that he submit to drug testing, that he report within seventy-two hours any contact he might have with a law enforcement officer, and that he submit written monthly progress reports.

On June 18, 2002, the first warrant was issued for Haywood's violation of some of the conditions of his supervised release. Haywood appeared for a preliminary hearing and was released on his own recognizance. A second violator warrant was issued on July 16, 2002. Haywood subsequently failed to appear at a scheduled hearing and he was arrested on October 24, 2002. The district court conducted a revocation hearing four days after Haywood's arrest. The court heard testimony from all parties, including a police officer who testified as to having been threatened by Haywood, and the court decided to revoke Haywood's supervised release. The guideline range for Haywood's violation was six to twelve months, but the court imposed the maximum statutory punishment of a new three year term of incarceration. In so doing, the court explicitly cited to Haywood's complete failure to make any effort at all to comply with the conditions of release listed above, his deliberate decision not to seek employment, and his unprovoked verbal assault on a police officer. The court emphasized that this punishment was necessary, in part, in order to send a message to Haywood's "small town" residence.

The only issue on appeal is the degree, or harshness, of the sentence imposed. Counsel for Haywood concedes that Haywood committed the violations as found by the district court and that the district court had the authority to impose the three year term of imprisonment.

A district court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). Under the statute. the district court was empowered to sentence Haywood to a maximum of thirty-six months incarceration because he originally pleaded guilty to a Class B felony, *see id.*, but it was first incumbent upon the district court to consider the sentencing factors set forth in 18 U.S.C. § 3553. *See* 18 U.S.C. § 3583(e). The district court was also charged with considering the applicable guideline policy statements before passing sentence. 18 U.S.C. § 3553(a)(4)(B). The district court satisfies the statutory requirement if its "explanation of the sentence makes it clear that it considered the required factors." *Washington,* 147 F.3d at 491. The district court "need not engage in ritualistic incantation in order to establish consideration of a legal issue." ' *Id.* (quoting *United States v. Davis,* 53 F.3d 638, 642 (4th Cir.1995)). Neither is there a "requirement that the district court make specific findings relating to each of the factors considered." *Id.*

In the case at bar, it is clear that the district court did not commit any reversible error in sentencing Haywood to the new term of incarceration of record. The court expressly levied the maximum allowable punishment upon Haywood only after hearing extensive testimony to the effect that Haywood was making absolutely no effort to conform to the conditions of his supervised release or to the barest of societal norms. The court's recitation to this effect clearly satisfied the requirement to articulate consideration of the § 3553 sentencing factors before passing judgment. There is nothing to support the suggestion that the sentence imposed was unreasonable or an abuse of discretion. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.