NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:   15a0373n.06

**Case No. 14-2024**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 26, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE WESTERN** |
| KENDRA SUE KRUGER, | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

**Before:   SUHRHEINRICH, BATCHELDER, and CLAY, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.**   Defendant Kendra Kruger appeals her sentence, resulting from revocation of her supervised release.   We AFFIRM.

**I.**

In July 2010, the U.S. Postal Inspection Service discovered that a package containing methamphetamine had been shipped from San Diego to Grand Rapids, Michigan, and set up surveillance for the package.   On July 27, a postal employee spotted the package, a K-9 officer alerted to the presence of narcotics, and upon opening the package, inspectors discovered two baggies of suspected methamphetamine.   A controlled delivery was arranged for July 29, 2010.

On July 29, 2010, Kendra Kruger claimed the package.   She opened the package while sitting in her car, still in the post office parking lot.   Police arrested her there and seized the package.   Forensic testing determined that it contained 54.3 grams of methamphetamine.

On July 30, 2010, the court released Kruger on bond, under pretrial services supervision, subject to certain conditions, including her abstention from the use of illegal drugs. But, by her own admission, Kruger continued to use methamphetamine while on pretrial services supervision.

On August 18, 2010, the federal grand jury indicted Kruger on possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Kruger entered a not-guilty plea and the parties prepared for a trial.

On October 18, 2010, Kruger appeared for a change-of-plea hearing and entered a guilty plea without a plea agreement. Her sentencing was scheduled for January 24, 2011. At the conclusion of the plea hearing, the U.S. Marshals Service transported her directly to the Newaygo County Jail. One week later, on October 25, 2010, deputies searched Kruger's cell and found contraband, including an MP-3 player, batteries, and four pills that appeared to be Xanax. Kruger had smuggled the contraband into the jail inside a rubber cylinder hidden in her rectum or vagina. Because she was transported directly from the change-of-plea hearing to the jail, she apparently had this contraband in her possession (i.e., inside her person) at the hearing.

On January 24, 2011, the district court sentenced Kruger to 51 months in prison and four years of supervised release. While incarcerated, Kruger completed the Bureau of Prisons' (BOP's) Residential Drug Abuse Program (RDAP), which reduced her sentence by 12 months, and she further reduced her sentence with good time credits. Consequently, the BOP released Kruger from prison after approximately 33 months, subject to supervised release.

On July 22, 2013, Kruger began her four-year term of supervised release under low-intensity supervision. Despite being on supervised release, Kruger used methamphetamine

three times between October 1 and 18, 2013, less than three months after her release from prison. The probation department reassigned her from "low intensity" to "regular" supervision and advised her to participate in a substance abuse assessment, which was scheduled for December 23, 2013.

On December 12, 2013, however, Kruger submitted a urine sample that tested positive for methamphetamine. Meanwhile, she missed three probation appointments, including the substance-abuse assessment, and blamed her absences on an unspecified illness. On December 27, Kruger denied using methamphetamine, but on January 9, 2014, she recanted that denial, stated that she had lied to the probation officer, and admitted to having used methamphetamine approximately two days prior to the December 12 urine sample submission.

On January 13, 2014, the probation office moved the court to modify Kruger's conditions of supervised release and order her to reside in a Residential Re-Entry Center (RRC) for nine months, subject the rules and regulations of that center. Kruger signed a written agreement to the modification sought in the motion and, on January 24, 2014, the court ordered the modification without a hearing.

Five months later, on two separate occasions, June 23 and 26, 2014, Kruger submitted urine samples that tested positive for amphetamines. When questioned, she admitted to using methamphetamine on both days, in violation of the RRC rules and the conditions of her supervised release.

3

On July 21, 2014, the probation office petitioned the district court to issue a warrant for Kruger's arrest. The court issued the warrant as requested.[1] Meanwhile, the probation office prepared a "Violation Worksheet," which offered the court a preliminary guideline range of 4 to 10 months in prison and found that Kruger had failed to complete 6 months and 17 days of previously imposed community confinement, which she was required to "serve[] in addition to the sanction" of additional imprisonment. *See* U.S.S.G. § 7B1.3(d). This made the actual advisory range 10 months and 17 days to 16 months and 17 days. The Worksheet also noted that Kruger had used methamphetamine on at least six occasions since her release from prison and the probation office's attempts at "graduated sanctions and ongoing substance abuse and mental health treatment services" had been unsuccessful, which demonstrated the need for a more severe sanction.

On August 11, 2014, the district court held a hearing on Kruger's violation of her supervised release. Kruger admitted to using methamphetamine as charged, and the court found her guilty of those violations. The government sought a sentence above the advisory guidelines, arguing that Kruger had repeated violations, that the graduated penalties had not worked, and that Kruger was unrepentant and, instead, "extremely manipulative." Defense counsel argued, and Kruger allocuted, that she was simply an addict trying to come to terms with her addiction.

The court rejected Kruger's arguments, stating that "if she's only now recognizing herself as an addict, it's several years too late," and "this is a situation where we've gone well beyond

---

[1] On July 24, 2014, the probation office submitted to the court an amended petition for a warrant, which included a charge that Kruger had failed to report her whereabouts while away from the RRC, in violation of the RRC's rule. Basically, Kruger had claimed to be at work on a work-release program, but for some portion of the time had actually been meeting her mother for lunch or using a computer to research her mother's cancer on the internet. The court issued the amended warrant and this was included as a charge, but the government did not press it at the re-sentencing hearing and the court did not appear to rely on it in deciding the new sentence.

simple addiction and relapse." The court referenced the multiple incidents of her drug use, the failure of the incremental sanctions, and Kruger's apparent unwillingness to be forthright and fully accountable. The court considered the applicable § 3553 factors and imposed a sentence of 18 months in prison, with certain conditions, followed by three years of supervised release.

When the court offered each party the opportunity to object, defense counsel objected "to the sentence outside the guidelines," which prompted the following exchange:

> The Court: All right. And from your perspective on the guidelines, you'd acknowledge that from a guideline point of view the range is 4 to 10 months plus at least the six months and 17 days because that's part of the community confinement that would be built into the guideline calculus?
>
> Counsel: I do, Your Honor.
>
> The Court: Okay. So it's the portion above that?
>
> Counsel: Yes, Your Honor.
>
> The Court: Okay. I'm going to go ahead, then, and impose that as the sentence of the Court as I announced my intent to do it for the reasons indicated. I do think whatever variance there is above the guidelines is relatively minimal and is appropriate to the individual circumstances of the case. . . .

Thus, the court clarified that the upper end of the advisory range was 16 months and 17 days, defense counsel expressly agreed with that clarification, and the court answered the objection from that premise, concluding that the approximately 43-day variance "above the guidelines is relatively minimal and is appropriate to the individual circumstances of the case."

## II.

In this appeal, Kruger claims that the 18 month sentence is substantively unreasonable. As an initial matter, we note that Kruger's counsel at sentencing remains her counsel on appeal and

he signed the brief filed in this appeal. This bears mention because in his brief, counsel asserts that "*the advisory guideline sentencing range was 4 to 10 months, and the sentence imposed represents a 14 month increase from the bottom of the advisory range and an 8 month increase from the top of the range*." That statement—the substance of which is repeated several times throughout the brief—is, of course, factually incorrect.

The truth of the matter is that Kruger's 18-month sentence is actually a variance of a mere 43 days above the top of the advisory range. Kruger claims that this sentence is substantively unreasonable because her circumstances were sufficiently ordinary to fall within the guidelines, the court relied too heavily on her prior violations, and the court failed to fully consider many of the other § 3553 factors in deciding the sufficiency of the sentence.

We "review supervised release revocation sentences in the same way that we review all other sentences—under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quotation marks omitted). In reviewing sentences for substantive reasonableness, we consider the totality of the circumstances, including the extent of the variance from the Guidelines range. *Id*. at 581. Although we presume that within-Guidelines sentences are reasonable, we do not presume "unreasonableness" of above-Guidelines sentences. *Id*. And we give due deference to the district court's conclusion that the sentence it imposed was warranted in light of the § 3553 factors. *Id*.

Here, the court clearly rejected Kruger's claim that her circumstances were so ordinary (typical of drug addiction and relapse) that even a 43-day upward variance would be unreasonable. The court alluded to Kruger's history of misconduct, including her use of methamphetamine while

on pretrial release and her smuggling of illegal drugs inside her person during her change-of-plea hearing, as an indication that this was beyond ordinary. The court specifically identified Kruger's multiple post-release violations for continued drug use, despite the imposition of the incremental sanctions, which serve as further evidence that Kruger would not or could not conform her conduct to the law. The court also commented on her testimony, as evidence of her apparent unwillingness to be forthright and fully accountable. All told, the court expressly rejected Kruger's contention that this was simply addiction and relapse. Finally, the court considered the applicable § 3553 factors and concluded that the variance was warranted to deter her from committing further violations and to coerce her into some form of rehabilitation.

We find here, as we have found elsewhere, that "the record establishes no cognizable basis for second guessing the district court's exercise of sentencing discretion and several reasons why it deserves our respect." *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (internal citation omitted); *see also United States v. Haywood*, 75 F. App'x 474, 476 (6th Cir. 2003). Based on our careful review of the record and considering all of the facts and circumstances contained therein, we find no abuse of the district court's sentencing discretion.

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.