**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0254n.06**

**No. 19-5336**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11">**FILED**<br>May 06, 2020<br>DEBORAH S. HUNT, Clerk</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>CARY PARADIS,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE: BOGGS, GRIFFIN, and READLER, Circuit Judges.

GRIFFIN, Circuit Judge.

After defendant violated the terms of his supervised release for the second time in less than a year, the district court revoked supervision and imposed a 24-month, statutory-maximum term of imprisonment. Because the sentence is procedurally and substantively reasonable, we affirm.

I.

In 2006, defendant Cary Paradis pleaded guilty to two counts of attempting to manufacture methamphetamine. He completed a 151-month custodial sentence in 2016 and began serving a three-year term of supervised release. But he did not comply with his release conditions. Paradis tested positive for methamphetamine four times in two months, failed to report contact with law enforcement to his probation officer, tried to get out of drug testing so that he would avoid testing positive, and walked out of inpatient drug counseling. In May 2018, the district court revoked his

supervision and imposed a four-month custodial sentence, to be followed by a one-year term of supervised release.

History then repeated itself. Paradis served four months in custody, and one day into his new term of supervised release, he again violated the conditions of his supervised release—this time by testing positive for marijuana. The months that followed were not any better. He failed numerous drug tests (for multiple drugs), was disrespectful to drug-testing staff, and did not attend several drug-therapy sessions.

So his probation officer once again petitioned the district court to revoke his supervised release. The petition set forth a Guidelines range of four-to-ten months imprisonment, and a statutory maximum of two years. During the hearing on the petition, Paradis admitted that his conduct violated his release conditions. His counsel asked the district court to impose a within-Guidelines four-month sentence in light of his addiction struggles and family-health considerations. The district court declined, varied upwards, and imposed the statutory-maximum, two-year sentence. It reasoned that Paradis had been "given multiple opportunities, . . . [but did] not take the offered help seriously." Although recognizing the general problems of addiction, the district court concluded Paradis's actions could not be "square[d] with an addiction." The court commented that "we have someone who at the present does not wish to avail himself of help, he's really not serious about defeating this addiction, and wishes to live his life as he has, even though that involves illegal consumption of drugs and violating the terms and conditions of supervision." And it stressed the close timing of this revocation to the prior one—it was his second revocation in less than a year. This timely appeal followed.

II.

We review sentences imposed for supervised-release violations under the familiar abuse-of-discretion standard through the procedural-and-substantive-reasonableness rubric. *See United States v. Peebles*, 624 F.3d 344, 347 (6th Cir. 2010). With respect to procedural reasonableness, a district court necessarily abuses its sentencing discretion if it fails to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based upon facts that are not clearly erroneous, [or] adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). When imposing a sentence, a district court does not need to recite the § 3553(a) factors; it merely needs to provide enough of an explanation to show that it has considered the parties' arguments and has a reasoned basis for exercising its authority. *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008).

Paradis first argues that his sentence was procedurally unreasonable because the district court "did not state the recommended guideline range" or acknowledge that it upwardly varied to the statutory maximum. The record belies these claims.

"[M]eaningful appellate review [is] the touchstone of procedural reasonableness." *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) (internal quotation marks and citation omitted). True, the district court did not specifically announce the four-to-ten-month Guidelines range, but that range was clearly before the district court when it sentenced Paradis. His counsel stated the range in the hearing. The district court acknowledged it had reviewed and received the probation officer's report, which calculated that range. Most importantly, the district court announced that it was imposing "a sentence outside of the prescribed range." Upon review of the record, the district court's statements make clear that it appropriately acknowledged and considered the

Guidelines range even though it did not "explicitly refer" to it. *United States v. Polihonki*, 543 F.3d 318, 323 (6th Cir. 2008); *see also United States v. Ayala*, 652 F. App'x 399, 403 (6th Cir. 2016) (collecting authorities).[1] Its consideration of the report and the transcript of the hearing make clear it knew it was imposing a statutory-maximum sentence. *See Polihonki*, 543 F.3d at 323–24. And, we are satisfied that the district court adequately articulated a reason for imposing the variance that it did. It varied to account for (a) its factual finding that Paradis's purported addiction issues played no role in his violations, (b) Paradis's multiple violations within a short period of time, especially in relationship to his prior supervised-release revocation, and (c) Paradis's conduct in rejecting treatment opportunities, which reflected his disinterest in abiding by his supervised-release conditions. We do not require district courts to ritually incant all statutory and Guidelines factors. *See id.* at 324. The district court's explanation of its sentence more than provides a basis for appellate review and is thus procedurally reasonable.

Paradis also contends that his twenty-four-month sentence is substantively unreasonable. Again, we disagree.

An above-Guidelines sentence is neither presumptively reasonable nor presumptively unreasonable. *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). We review it for abuse of discretion, "whether . . . just outside, or significantly outside the Guidelines range." *United States v. Cunningham*, 669 F.3d 723, 728 (6th Cir. 2012) (citation omitted). However,

---

[1]Paradis suggests *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008) controls, not *Polihonki*. We disagree. For one, if conflicting, we follow earlier, not later, panel cases. *See Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001). For another, we discern no conflict. The district court in *Blackie* either rejected or reduced enhancements without explanation, "never recalculated the new offense level or the new Guidelines range during the sentencing here," and then imposed a sentence "without indicating that the sentence was outside the Guidelines range or stating the court's specific reasons for the variance." 548 F.3d at 401. But as set forth above, the ambiguity at issue in *Blackie* preventing appellate review is simply not at issue here.

"a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, 552 U.S. 38, 50 (2007). We consider a sentence to be substantively unreasonable where the district court "place[s] too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 440. It is in essence a claim that a sentence is "too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. Our review "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. But we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

As noted above, the district court anchored its imposition of the twenty-four-month sentence on its finding that Paradis was "someone who at the present does not wish to avail himself of help." And magnifying that determination was Paradis's inability to comply with his release conditions for even one day after leaving custody for a previous supervised-release revocation. Following our thorough review, we discern no abuse of discretion based on this reasoning.

Paradis disagrees, primarily faulting the district court for purportedly describing Paradis's drug-addiction problems as something he could consciously control.[2] In so doing, he relies on material regarding addiction and drug treatment that he did not present to the district court, so we will not consider it. *See United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018). But in any

---

[2]He offers other arguments too, none of which are persuasive. For example, Paradis claims error because his revocation-inducing conduct was just Grade-C conduct under U.S.S.G. § 7B1.1(a)(3) but received a sentence closer to the Guidelines range for a more serious violation (like a crime of violence or a controlled substance offense). But that is an apples and oranges comparison, for the district court varied above the Guidelines range to account for his repeated violations of his release terms. Nor do we find any factual support for his argument that the district court "ordered a higher term of incarceration as a trade-off for an additional term of supervised release."

event, the district court considered and rejected this position—it noted the difference between testing positive for drugs and failing to take advantage of opportunities that would assist in eliminating his drug dependence. "Read in its entirety, the hearing transcript shows that the district court considered the relevant sentencing factors and chose to give [Paradis] a relatively lengthy term of imprisonment out of concern for [Paradis's] unwillingness to tackle his substance-abuse problem and the corresponding need to deter him from using illegal drugs in the future." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016); *see also United States v. Kruger*, 613 F. App'x 451, 454 (6th Cir. 2015) (similar). Moreover, "[f]or an offender who commits multiple supervised-release violations, it is not an abuse of discretion to vary up to the applicable statutory maximum." *United States v. Vines*, 799 F. App'x 371, 375 (6th Cir. 2020) (collecting cases).

We "may not presume that every variance from the advisory Guidelines is unreasonable." *Rita v. United States*, 551 U.S. 338, 355 (2007). Paradis has shown only that he disagrees with the district court's decision to impose a sentence fourteen months above the Guidelines range; he has not demonstrated that doing so was an abuse of discretion.

### III.

For these reasons, we affirm the district court's judgment.